MASON *v.* STROUD *et al.*

(Division B. Jan. 6, 1930.)

[125 So. 408. No. 28284.]

**L. J. Broadway**, of Quitman, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant filed a bill in the chancery court of Clarke county, alleging that on the 17th day of May, 1921, G. E. Stroud, Sr., the husband of Mrs. G. E. Stroud, Sr.,

and father of the other defendants, borrowed from the complainant one thousand six hundred fifty dollars, and secured the same by note and deed of trust on certain lands described in the bill. The note was due on the 17th day of May, 1922, and suit was filed on the 18th day of May, 1928. The note was payable in Mississippi.

The bill further alleged that G. E. Stroud, Sr., died on the 6th day of January, 1928, and that he was, at the time of the giving of the note and continuously thereafter until his death, a nonresident of the state of Mississippi, and a resident of the state of Alabama. It was further alleged in the bill that at the time the deceased borrowed the money, and until the trial, all of the defendants to the suit were nonresidents of the state of Mississippi. It was further alleged that by mutual mistake no trustee was named in the deed of trust, and also alleged that the grantor in the deed of trust agreed to keep the taxes paid, but that he failed to do so, and that the complainant was compelled to pay the sum of one hundred ninety-seven dollars and seventeen cents. The bill asked that the deed be reformed, by having the court name a trustee and have a foreclosure of the deed of trust and payment of the indebtedness, interest, taxes, and attorney's fee, and prayed for general relief.

The defendants answered the bill, admitting most of the facts alleged therein, but setting up the statute of limitations. It was agreed by the parties to the suit that the statute of limitations was the only question to be decided by the court in the court below, and that the allegations in the bill were true. The court below decided the statute of limitations applied, and that, as the bill was filed one day after six years of the maturity of the note, the complainant had no right to relief and dismissed the bill. From such decree this appeal is prosecuted.

By section 2651, Hemingway's Code of 1927 (section 3113, Code of 1906), it is provided:

"If a person entitled to bring any of the personal actions hereinbefore mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the executor or administrator of the deceased person, after the expiration of said time, and within one year after the death of such person."

Section 2646, Hemingway's Code of 1927 (section 3108, Code of 1906), reads as follows:

"*Absence from the State.*—If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

According to the original bill, G. E. Stroud, Sr., was a nonresident of the state, and could not be sued in this state, and, as he died prior to the running of the statute of limitations, had certain statutes applied, we do not think the debt was barred by the statute of limitations; therefore the provisions of section 2631 of Hemingway's 1927 Code (section 3093, Code of 1906), providing that, "when a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law to secure the payment of a sum of money specified in any writing, an action or suit or other proceedings shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured but within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust may be specified; and in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred," does not apply to prevent the granting of relief prayed.

Nor do we think that the provisions of section 2452, Hemingway's Code of 1927, section 2796, Code of 1906, providing that, ''where the remedy to enforce any mortgage, deed of trust, or other lien on real or personal property which is recorded, appears on the face of the record to be barred by the statute of limitations, the lien shall cease and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice,'' etc., have any application for the reason that none of the parties in the present suit are creditors or subsequent purchasers for value without notice, to bring them within the provisions of this act.

Under the facts contained in the declaration, and the agreement of counsel, the statute of limitations had not run against the complainant's right, and the court below was in error in dismissing the bill. The judgment will therefore be reversed, and the cause remanded to the court below, with directions to appoint a trustee to make the sale, pay the indebtedness, the amount of taxes due, if any, which had not been paid by the grantor, or his heirs, and for a reasonable attorney's fee, to be ascertained by the chancellor.

Reversed and remanded.