## LE MIEUX BROS. CORPORATION v. ARMSTRONG.

### No. 8231.

Circuit Court of Appeals, Fifth Circuit.

July 28, 1937.

Gerard H. Brandon and Gerard Brandon, both of Natchez, Miss., and Lavinius L. Williams, of New Orleans, La., for appellant.

Geo. W. Armstrong, of Natchez, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, brought August 15, 1934, was at law on a money demand for services rendered between September 3, and November 1, 1924. The claim was that the defendant, then a citizen of Texas, but now of Mississippi, and Le Mieux Brothers & Company, a partnership, resident in New Orleans, La., to whose rights plaintiff had succeeded, had, on August 21, 1924, agreed together that Le Mieux Brothers would cruise timberlands in Adams county, Miss., for Armstrong, and he would pay them therefor in New Orleans, La.

Defendant's demurrer challenging plaintiff's right to sue at law on a verbal assignment of the claim sustained, and the suit ordered transferred to equity, plaintiff amended to allege, as before, that New Orleans, La., was its residence and the residence of its predecessors in title to the claim. As to Armstrong, it alleged that he was now a citizen of Mississippi resident in that state; that at the time of the inception of the right of action he was a citizen and resident of Texas; and that he was never at any time a citizen or resident of Louisiana. It alleged the making of a verbal agreement, and an indebtedness resulting thereout of $4,541.50. As alleged, the agreement was that plaintiff would prepare and file its reports at its office in New Orleans, and defendant would pay them there; and that Armstrong did then and thereby engage Le Mieux Brothers to do the work and to pay them in New Orleans. It was further alleged that though by November 1, 1924, the work was done and defendant became indebted for the full amount of it, no part of it has been paid, either to the partnership of Le Mieux Brothers or to plaintiff, who holds a written assignment from the partners.

By general demurrer and motion to dismiss defendant pleaded the bar of the statutes of limitations of Texas, of Mississippi, and of Louisiana. The District Judge, without opinion, sustained the motion and dismissed the bill.

Defendant in his answer admitted the allegations as to the residence of the parties, but denied that he made the contract as charged or owed anything on account of it. Alleging that all negotiations that he had with Le Mieux Brothers were for

the benefit of John H. Kirby; and merely as his agent, he denied that he ever undertook or became subject to any obligation to plaintiff.

This appeal tests whether, upon plaintiff's pleadings, its demand was barred. In its original brief appellant contended that the applicable statute of limitations was the ten-year statute of Louisiana (Civ.Code La. art. 3544), and that that time had not expired when suit was brought. Appellee, in its brief, citing 37 C.J. 729, 730, insisted that this was a case for the application of the general rule, that in an action on a contract the lex fori, not the lex loci contractu, or the lex domicilii, applied, and that the Mississippi statute of three years (Code Miss.1930, § 2299) had barred it. He argued further that if the Texas or Louisiana statute of limitations applied, the three-year statute of Louisiana (Civ. Code La. art. 3538), the two-year statute of Texas (Vernon's Ann.Civ.St.Tex. art. 5526), had barred the suit.

By supplemental brief appellant, agreeing with appellee that the applicable statutes of limitation are those of the forum, argues that limitation has not barred the suit in Mississippi, because of the existence there of section 2310, Mississippi Code 1930, which reads: "Absence from the state.—If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

It is conceded that if the statutes of Texas apply, the cause of action has long been barred. It is conceded, too, that it is barred if the general statutes of limitation of Mississippi apply, and the "absence" statutes do not.

■ While we are inclined to agree with appellee that the Louisiana statute of three years' limitation, rather than of ten years, would apply if the Louisiana statutes were applicable, we find it unnecessary to so decided, for we think it quite plain that the applicable limitation statute is that of Mississippi, and not that of either Texas or Louisiana.

The rule is general, and with few exceptions, that since statutes of limitation affect only the remedy, an action on a contract is governed, as to the bar, by the lex fori, that is, the statute of the state where suit is brought, and not by the lex loci contractu, or the lex domicilii. The general rule, not any exception to it, applies here. The applicable statute of limitation of Mississippi is that giving three years to sue. The cause of action, according to the pleadings, accrued in November, 1924. Unless, therefore, there is something pleaded which prevented the statute from beginning to run, or tolled it after it had begun to run, plaintiff's action is barred.

■ Appellant in its brief says the Mississippi "absence" statute protects it. This will not do, for it has not pleaded, it cannot plead, that statute in avoidance of the bar. It has not pleaded it either expressly or by implication. One relying on such a statute to save his case must invoke it and plead the facts which make it applicable. Sims v. Tigrett, 229 Ala. 486, 158 So. 326. Nowhere in his pleading is the statute mentioned or invoked, nor are any facts pleaded which would give it application.

It is pleaded that when the cause of action accrued, plaintiff was a citizen and resident of Texas, and that he is now a citizen of and a resident of Mississippi. The pleading does not allege when he came to Mississippi, nor how long he has resided there, but it makes it clear that having come to Mississippi, he has never departed.

■ But plaintiff's trouble lies deeper than defects in the pleading. It arises from the fact that the statute his brief invokes applies only where a person, against whom a cause of action has accrued in the state, thereafter absents himself from it. Lindenmayer v. Gunst, 70 Miss. 693, 13 So. 252, 35 Am.St.Rep. 685, explained and distinguished in Robinson v. Moore, 76 Miss. 89, 23 So. 631, which in turn is explained and distinguished in Wright v. Mordaunt, 77 Miss. 537, 27 So. 640, 78 Am.St.Rep. 536; c/f Alley v. Bessemer Gas Engine Co. (C.C.A.) 262 F. 94; Graham v. Englemann (D.C.) 263 F. 166; Brock v. Sirmans (C.C.A.) 65 F.(2d) 930. Section 2310 applies when causes of action accrue, that is, when one has a right of action in the state, and the person against whom it has accrued absents himself from and resides out of, the state. Hunt v. Belknap, 78 Miss. 76, 28 So. 751. It does not apply to a case like the one at bar, where the cause of action did not accrue in the state, and where, after it had accrued against the defendant while living in another state, he came into Mississippi and has never left it.

When suit was brought against him in Mississippi, the Mississippi statutes of limitation had been running untolled ever since the cause of action arose. His suit had been long since barred. Wright v. Mordaunt, supra.

The case would be different if the suit were on a note secured by lien on property in the state. In that case the cause of action would have accrued in the state, and limitation would not run in favor of a nonresident maker of the note and deed of trust until he came into the state. Mason v. Stroud, 155 Miss. 829, 125 So. 408. Upon a simple contract claim like this, the defendant being a resident of Texas when the cause of action accrued, limitation commenced, and continued, to run from the time of its accrual.

The judgment was right. It is affirmed.