# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-CA-00326-COA

DONALD BREEDEN                                                          APPELLANT

v.

WILLIE FAYE BREEDEN BUCHANAN AND                          APPELLEES
NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2012 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TINA LORRAINE NICHOLSON |
| ATTORNEYS FOR APPELLEES: | ANDREA LA'VERNE FORD EDNEY |
| | RICHARD ANTHONY FILCE |
| | ERIK M. LOWREY |
| | JASON RICHARD BUSH |
| | NAKIMULI ONI DAVIS |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| TRIAL COURT DISPOSITION: | DISMISSED COMPLAINT AND DENIED LEAVE TO AMEND COMPLAINT |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART: 04/01/2014 |
| MOTION FOR REHEARING FILED: | 04/14/2014 - DENIED; AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 02/03/2015 |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

**MODIFIED OPINION ON MOTION FOR REHEARING**

¶1.     This case is before the Court on a motion for rehearing. The motion is denied.

However, the original opinion is withdrawn and substituted with this opinion.

¶2.     This case considers two questions. First, whether the circuit court properly dismissed,

under Mississippi Rule of Civil Procedure 12(b)(6), the claims made by Donald Breeden against his former wife, Willie Faye Breeden Buchanan, and Nationwide Property & Casualty Insurance Company. Second, upon dismissal, whether the circuit court properly denied the plaintiff's motion for leave to amend the complaint.

## FACTS AND PROCEDURAL HISTORY

¶3.     Breeden and Buchanan were married on June 21, 2002, in Marion County, Mississippi. During their marriage, they lived in a home located in Sandy Hook, Marion County, Mississippi. Effective May 27, 2010, Nationwide sold Breeden a homeowner's policy that covered this home. Breeden was the named insured.

¶4.     In July of 2010, Buchanan demanded a divorce from Breeden. Buchanan drafted a complaint for divorce, a property-settlement agreement, and a quitclaim deed. The property-settlement agreement and the quitclaim deed transferred Breeden's interest in the home to Buchanan. Breeden alleges that Buchanan threatened him with a loaded gun and said she would shoot him if he did not sign the papers. Breeden signed the complaint for divorce, the property-settlement agreement, and the quitclaim deed.

¶5.     The joint complaint for divorce was filed on July 7, 2010, in the Chancery Court of Marion County. On October 5, 2010, Chancellor Eugene L. Fair Jr. signed the judgment of divorce. The judgment indicated that the parties had attached a property-settlement agreement.[1]

¶6.     Shortly after their divorce was final, Breeden moved to Kentucky. Buchanan

---

[1] The complaint in the record only includes the first two pages of the divorce judgment. Neither the signature page nor the property-settlement agreement was attached.

2

remarried and continued to reside in the Sandy Hook home.

¶7. On April 24, 2011, a fire completely destroyed the home and all of its contents. The house was a total loss. The home was covered by the Nationwide policy.

¶8. Nationwide received timely notice of the loss. Nationwide did not pay Breeden for the loss. Nationwide claimed that Breeden was not due any payment under the policy of insurance because he did not have an ownership interest in the home as of April 24, 2011. Although Buchanan was not a named insured on the policy, Nationwide communicated with Buchanan about the claim and made payments to her.[2]

¶9. On August 17, 2011, Breeden filed a complaint in the Marion County Circuit Court against Buchanan and Nationwide.

¶10. On September 19, 2011, Buchanan filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6). In the motion, Buchanan gave three reasons to dismiss the complaint. First, she asserted that the intentional-tort claims were barred by a one-year statute of limitations. Second, she asserted that the claims that sought to set aside the property- settlement agreement were subject to the jurisdiction of the chancery court, not the circuit court. Third, she asserted that the remaining contractual claims should be dismissed because Breeden had no insurable interest in the marital home. On October 18, 2011,

---

[2] On June 28, 2011, Nationwide distributed the dwelling coverage limit of $295,400. The amount of $123,384.84 was paid to the lienholder, the Small Business Administration, and the balance of $172,015.16 was paid to Buchanan. The actual cash value for the damage to the personal property in the home was $132,100.40. Of that amount, Nationwide made an advance payment of $4,000 to Buchanan. The remaining balance, $128,100.40, was deposited into the registry of the court after Nationwide received notice of this litigation.

Nationwide filed a motion to dismiss on similar grounds.

¶11. On November 9, 2011, Breeden filed a motion for leave to file a first amended complaint. In the amended complaint, Breeden sought to withdraw his claim that the property-settlement agreement should be set aside, add claims for battery and conversion against Buchanan, and detail more facts to support the claims against Nationwide.

¶12. On February 13, 2012, the circuit court entered the following order:

> The court heard oral argument on various motions, and after having reviewed the pleadings on file, the motions and accompanying memoranda in support thereof, after due deliberation and consideration[,] finds that the separate defendants' motions to dismiss are well taken and should be granted, and [Breeden's] motion to file [an] amended complaint should be denied.
>
> The court finds that the pleadings reflect no insurable interest in [Breeden] in and to the policy or to the proceeds[,] as [Breeden] transferred and conveyed his right, title, and interest in and to the insured property to his former spouse, [Buchanan], as part and parcel of their divorce proceeding and property settlement agreement, this transfer and conveyance having transpired several months before the occurrence of the loss[,] which is the subject matter of [Breeden's] complaint.
>
> Finding that [Breeden] had no insurable interest in and to the property – and thus no entitlement to any of the insurance proceeds [–] it follows that Nationwide did not breach the insurance contract by failing to pay [Breeden] any insurance proceeds from the loss, nor [did it] act in bad faith.
>
> [Breeden's] complaint against the defendant included allegations of assault, intentional and negligent infliction of emotional distress, and duress designed to induce him to sign the marital dissolution documents, property settlement agreement, and the deed conveying title to the insured property. [Breeden's] complaint was filed on August 17, 2011. The marital dissolution and property settlement documents and deed were signed by [Breeden] in July 2010, and [Breeden] states in his pleading that, immediately after signing the papers[,] it was demanded that he vacate the property. In response to this demand[,] he vacated the property . . . . It is plain from the face of the pleadings that any purported intentional tort occurred in July 2010. As [Breeden] did not file his complaint until August 17, 2011, his intentional tort claims are time[-]barred

4

by [section] 15-1-35 [of the Mississippi Code Annotated (Rev. 2012)].

IT IS, THEREFORE, ORDERED AND ADJUDGED that separate motions to dismiss by the separate defendants, [Nationwide] and [Buchanan,] be . . . and the same are hereby GRANTED, and the Plaintiff's Complaint against the separate defendants is hereby dismissed with prejudice.

IT IS ALSO . . . ORDERED AND ADJUDGED . . . that the Plaintiff's Motion for Leave to File First Amended Complaint . . . be and the same is hereby DENIED.

It is from this order that Breeden now appeals.

## STANDARD OF REVIEW

¶13.   In an appeal of a dismissal of a case under Rule 12(b)(6), we apply a de novo standard of review. *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (¶3) (Miss. 2006). This Court is "not required to defer to the trial court's judgment or ruling." *Id.* at (¶4). "A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Rose v. Tullos*, 994 So. 2d 734, 737 (¶11) (Miss. 2008). "[T]he allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim." *State v. Bayer Corp.*, 32 So. 3d 496, 502 (¶21) (Miss. 2010).

¶14.   In the appeal of the denial of a motion to amend, we apply an abuse-of-discretion standard of review. *Pratt v. City of Greenville*, 804 So. 2d 972, 976 (¶9) (Miss. 2001). The circuit court has the discretion to allow an amendment and should freely allow an amendment, unless the defendant would be prejudiced. *Id.*

## DISCUSSION

    I.    *Breeden's Claims Against Buchanan*

5

¶15. Breeden's complaint asserted claims against Buchanan for: (1) assault; (2) intentional and/or negligent infliction of emotional distress; (3) inducement and duress in executing the property-settlement agreement and deed; (4) wrongful appropriation of insurance funds; (5) unjust enrichment; and (6) civil conspiracy. The circuit court dismissed all of the claims.

¶16. The circuit court's order found "that the pleadings reflect no insurable interest in [Breeden] in and to the policy or to the proceeds[,] as [Breeden] transferred and conveyed his right, title, and interest in and to the insured property to his former spouse, [Buchanan], as part and parcel of their divorce proceeding and property-settlement agreement, this transfer and conveyance having transpired several months before the occurrence of the loss." As a result, the court determined that Breeden no longer had an interest in the property. Also, the court concluded that the one-year intentional-tort statute of limitations had expired on the other claims.

### A. Claim for Negligent Infliction of Emotional Distress

¶17. Breeden asserted claims for intentional and negligent infliction of emotional distress against Buchanan. The circuit judge held that these claims were barred by the one-year statute of limitations in Mississippi Code Annotated section 15-1-35.

¶18. In *Norman v. Bucklew*, 684 So. 2d 1246, 1256 (Miss. 1996), the supreme court ruled that "intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." Then, in *Jones v. Fluor Daniel Services Corp.*, 32 So. 3d 417, 422 (¶18) (Miss. 2010), the court recognized that it "has been inconsistent in its rulings on whether an intentional-infliction-of-emotional-distress claim is subject to a one-year

6

statute of limitations under Mississippi Code Section 15-1-35[.]" The court then held:

> Intentional infliction of emotional distress is a tort against the person, as are the vast majority of those specifically enumerated in Section 15-1-35 of the Mississippi Code. Therefore, a cause of action for intentional infliction of emotional distress is "fairly embodied" in the causes of action included in Mississippi Code Section 15-1-35. Based on the prior analysis, we hold that the tort of intentional infliction of emotional distress is of like kind or classification as the torts enumerated in Section 15-1-35, and it too carries a one-year statute of limitations. To the extent the *Norman* case holds otherwise, it is expressly overruled.

*Jones*, 32 So. 3d at 423 (¶26).

¶19. Breeden's claims for negligent infliction of emotional distress are subject to the three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49 (Rev. 2012). The circuit court was in error when it determined that Breeden's claim for negligent infliction of emotional distress was filed outside of the limitations period. The circuit court's decision to dismiss the claim for negligent infliction of emotional distress against Buchanan is reversed and remanded for further proceedings consistent with this opinion.

### B. Claims of Intentional Torts

¶20. Breeden did assert intentional-tort claims against Buchanan for assault and intentional infliction of emotional distress. Both of these claims are subject to a one-year statute of limitations. Miss. Code Ann. § 15-1-35. The circuit court determined that, according to the complaint, the assault was alleged to have occurred in July 2010. The complaint was filed on August 17, 2011. Thus, section 15-1-35 bars the intentional tort of assault because it was filed after the limitations period expired.

¶21. However, the complaint alleged that "[d]uring the entirety of 2010, [Breeden] was

7

physically, psychologically and mentally disabled." Thus, he argued that the limitations period should have been tolled under Mississippi Code Annotated section 15-1-59 (Rev. 2012), which reads in pertinent part:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

¶22. Buchanan responds that the complaint does not support a decision to toll the limitations period. Specifically, she asserts that the complaint does not allege that Breeden was of unsound mind and contains no reference to tolling the statute. Buchanan argues that the law is clear that a plaintiff seeking to toll the statute must both invoke the tolling provision and plead facts to support the claim of tolling. *Le Mieux Bros. Corp. v. Armstrong*, 91 F.2d 445, 446 (5th. Cir. 1937). Further, Buchanan argues that section 15-1-59 has been interpreted to mean the person claiming the benefit of the tolling provision must allege and show he or she is "unable to manage the ordinary affairs of life." *USF&G Co. v. Conservatorship of Melson*, 809 So. 2d 647, 653 (¶23) (Miss. 2002); *see also Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So. 2d 388, 391 (Miss. 1998).

¶23. Buchanan also claims that the pleadings do not evidence Breeden being of an unsound mind. For example, the complaint alleges that Breeden entered a valid contract of insurance with Nationwide on May 27, 2010, just thirty-eight days before he signed the divorce pleadings and deed. Courts have rejected efforts to use the tolling provision where the plain facts show that the person is capable of managing the ordinary affairs of life, such as hiring

8

an attorney to file a lawsuit. *Brumfield v. Lowe*, 744 So. 2d 383, 387-88 (¶22) (Miss. Ct. App. 1999).

¶24.    If the analysis stopped here, we would agree with the circuit court that dismissal was proper. However, the analysis does not stop here.

¶25.    Mississippi Rule of Civil Procedure 12(b)(6) allows the court to dismiss the action for failure to state a claim. This decision looks to the legal sufficiency of the complaint. More importantly, Rule 12(b) also provides that "if the motion is granted, leave to amend *shall be granted* in accordance with Rule 15(a)." (Emphasis added). Thus, the Rules contemplate allowing a plaintiff an opportunity to amend the complaint after the motion to dismiss is granted.

¶26.    Mississippi Rule of Civil Procedure 15(a) provides that "[o]n sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), . . . leave to amend *shall be granted* when justice so requires . . . ." (Emphasis added). The Rule also allows a party to amend its pleadings at any time "by leave of court." And, most importantly, the Rule provides that "leave shall be freely given when justice so requires." The Comment adds:

> Prior to the 2003 amendment of Rule 15(a), a party could, as a matter of right, amend within thirty days after losing on Rule 12(b)(6) . . . motions on which matters outside the pleadings were not presented. In *Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964 (2003), the Supreme Court recognized that the rule mandated an opportunity to amend upon dismissal under Rule 12(b) even though circumstances might be such as would make an amendment futile. Recognizing that the federal rule gives no such absolute right to amend, it was suggested there that "the better course is to temper [Rule] 15(a)'s mandate with the paramount concerns of logic, futility of amendment, and judicial economy." *Poindexter*, 838 So. 2d at 972, Waller, J., concurring.

9

Now, [Rule] 15(a) expressly provides that in the event a Rule 12(b)(6) . . . motion is granted, leave to amend may be granted by the trial court where justice so requires.

The supreme court has also explained this Rule:

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded[.] [I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 962 (¶28) (Miss. 2002) (quoting

*Estes v. Starnes*, 732 So. 2d 251, 252 (¶4) (Miss. 1999)).

¶27. In *Webb v. Braswell*, 930 So. 2d 387, 392-93 (¶8) (Miss. 2006), the supreme court

held:

Motions for leave to amend [a] complaint are left to the sound discretion of the trial court; the Supreme Court reviews such determinations under an abuse of discretion standard; and, unless convinced that the trial judge abused his/her discretion, the Supreme Court is without authority to reverse. Grant or denial of [a] motion for leave to amend is within the sound discretion of the trial court. Amendments to the pleadings are properly addressed to the discretion of the [trial] court. Where the plaintiff filed his motion for amendment of declaration setting out its exact terms, and such terms were incorporated into an order which quoted the text of the motion and which was filed in the cause and entered upon the minutes of the court, the amendment was sufficient, as against the defendant's contention that the original declaration should have been manually amended by interlineation or otherwise. While the trial court has discretion to allow an amendment and should do so freely under the proper circumstances, an amendment should not occur when to do so would prejudice [the] defendant.

(Internal citations omitted) (quoting *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So. 2d 574,

579 (Miss. 1998)). "[A]n abuse of discretion standard means the judge's decision will stand unless the discretion he used is found to be arbitrary and clearly erroneous." *Poole v. Avara*, 908 So. 2d 716, 721 (¶8) (Miss. 2005) (citing *Miss. Trans. Comm'n v. McLemore*, 863 So. 2d 31, 34 (Miss. 2003)).

¶28.    Here, we do not have the benefit of an explanation of this ruling by the circuit court. Breeden argues that there was no reason to support this decision. Buchanan cites the principle that the trial court is presumed to be correct unless the record shows otherwise. *Myers v. Miss. Farm Bureau Mut. Ins. Co.*, 749 So. 2d 1173, 1174 (¶4) (Miss. Ct. App. 1999).

¶29.    Buchanan offers three grounds to support the circuit court's decision: Breeden failed to give proper notice; the divorce judgment was final and binding; and the circuit court lacked subject-matter jurisdiction.

¶30.    We find that the circuit court abused its discretion. Our decision is based primarily on the principle that Mississippi courts have liberally permitted amended pleadings. *See, e.g., Poindexter*, 838 So. 2d at 969 (¶23). Without an explanation by Buchanan as to how the amendment would be futile, we decline to find such.

¶31.    Having reviewed the proposed first amended complaint, we find that Breeden has indeed pled additional facts that, if accepted as true, may be sufficient to support the tolling of the statute of limitations. Solely to determine whether the amendment would be futile, we have concluded that the intentional-tort claims are sufficiently pled in the first amended complaint. As a result, we find that the circuit court abused its discretion when it denied the

11

motion for leave to amend. We reverse the circuit court's decision to dismiss the claims for assault and intentional infliction of emotional distress against Buchanan and direct the circuit court to allow Breeden leave to file his first amended complaint as to Buchanan. On remand, the circuit court shall decide the time period or other limitations necessary for the filing of the first amended complaint, consistent with Rule 15.

### C. Breach of Contract and Other Claims

¶32. Breeden's complaint also asserted claims against Buchanan for inducement and duress in executing the property-settlement agreement and deed, wrongful appropriation of insurance funds, unjust enrichment, and civil conspiracy.

¶33. As to the claim against Buchanan for inducement and duress in executing the property-settlement agreement and deed, the circuit court included this claim in the paragraph that dismissed the claims for intentional torts. Specifically, the circuit court ruled: "[Breeden's] complaint against [Buchanan] included allegations of . . . duress designed to induce him to sign the marital dissolution documents, property settlement agreement, and the deed conveying title to the insured property."

¶34. Breeden claims that the dismissal order did not address his breach-of-contract claims. He argues that the claim for inducement and duress in the execution of the property-settlement agreement and deed was a breach-of-contract claim, and not a tort claim, where he sought to set aside the property-settlement agreement and deed as void.

¶35. In his brief, Breeden admits that he alleged facts that would support the tort of menace, and menace is an intentional tort with a one-year limitations period under section

15-1-35. However, Buchanan has cited no authority for the proposition that a claim to void a judgment for misconduct in the inducement or duress in the signing of a contractual agreement is an intentional tort subject to the one-year limitation period. As a result, we find no legal authority for the circuit court's decision to dismiss such claims under section 15-1-35. As such, we would treat these claims as discussed with the other intentional torts above.

¶36. We also note that Breeden attempted to voluntarily withdraw this claim in circuit court. In his response to Buchanan's motion to dismiss, Breeden stated:

> [Breeden's] [c]omplaint demanded that the Property Settlement Agreement and Deed be set aside. [Breeden] asserts that the Chancery Court has exclusive jurisdiction over those issues. [Breeden] disagrees that the Circuit Court lacks jurisdiction of those claims, but agrees that he may assert them in Chancery Court. [Breeden] [states he would withdraw] those claims but reserve[s] the right to assert them in Chancery Court. In fact, [Breeden's] proposed First Amended Complaint withdraws [Breeden's] claim that the property settlement agreement and deed should be set aside.

However, the amended complaint was never filed.

¶37. Because we have determined that it was error for the circuit court to not allow Breeden leave to file the first amended complaint, despite Breeden's attempt to withdraw this claim, we will remand this claim to be considered as pled in the first amended complaint.

¶38. The circuit court's February 13, 2012 order does not specifically address the claims against Buchanan for wrongful appropriation of insurance funds, unjust enrichment, and civil conspiracy. Yet the order stated that the motions to dismiss are granted "and the Plaintiff's Complaint against the separate defendants is hereby dismissed with prejudice." We find no legal basis for the circuit court to have dismissed Breeden's claims against Buchanan for

13

wrongful appropriation of insurance funds, unjust enrichment, or civil conspiracy. These claims are not intentional torts and are not subject to the one-year limitations period. To the extent these claims were dismissed, we reverse the circuit court's dismissal and remand the case for further proceedings consistent with this opinion.

## II.     Breeden's Claims Against Nationwide

¶39.    Breeden's complaint asserted claims against Nationwide for: (1) breach of contract; (2) bad-faith denial of insurance benefits; (3) intentional and/or negligent infliction of emotional distress; and (4) civil conspiracy with Buchanan to deprive Breeden of insurance proceeds. The circuit court dismissed all of the claims.

¶40.    Buchanan's claims against Nationwide may not be considered in the same perspective as the claims against Buchanan. Instead, we must first consider whether the circuit court erred by not converting the motion to dismiss to a motion for summary judgment because the court considered matters outside the complaint.

### A.     Whether the court converted the motions to dismiss to motions for summary judgment, without proper notice and a hearing.

¶41.    Breeden argues that the circuit court violated Mississippi Rule of Civil Procedure 12(b)(6) and improperly considered matters outside of the complaint. By doing so, Breeden claims that the court improperly converted the motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56, but failed to follow the procedural requirements of Rule 56(c).[3]

_____

[3] There are several cases where the supreme court and this Court have determined that the trial court has erred in converting a Rule 12 motion to a Rule 56 motion without

14

¶42. In an appeal of a dismissal of a case under Rule 12(b)(6), we apply a de novo standard of review. *Ralph Walker, Inc.*, 926 So. 2d at 893 (¶3). This Court is "not required to defer to the trial court's judgment or ruling." *Id.* at (¶4). "A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Rose*, 994 So. 2d at 737 (¶11). "[T]he allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim." *Bayer Corp.*, 32 So. 3d at 502 (¶21).

¶43. A Rule 12(b)(6) motion requires that we look at the allegations of the complaint. The facts included above were taken from the complaint. In the record before us, Breeden attached the following documents to the complaint:

- Exhibit "A" – identified as "the declarations pages of the policy" (three pages from the Nationwide policy).

- Exhibit "B" – the complaint for divorce filed on July 7, 2010.

- Exhibit "C" – identified as the "Judgment for Divorce incorporating property settlement agreement" (Exhibit "C" only includes the first two pages of the judgment).

Nationwide's motion to dismiss included several exhibits:

- Exhibit "A" – Nationwide's memorandum of authorities.

- Exhibit "B" – the entire divorce judgment (identical to Complaint Exhibit "C," but with a copy of the chancellor's signature page).

---

following the requirements of Rule 56. *See Sullivan v. Tullos,* 19 So. 3d 1271, 1276 (¶19) (Miss. 2009); *Lopez v. McClellan*, 2008-CA-01857-COA, 2010 WL 1664937, at *4 (¶19) (Miss. Ct. App. Apr. 27, 2010).

- Exhibit "C" – the complaint for divorce (identical to Complaint Exhibit "B").

- Exhibit "D" – the complete Nationwide insurance policy (Complaint Exhibit "A" and the additional pages of the policy).

- Exhibit "E" – a copy of the complaint. (This exhibit also included, as part of the judgment of divorce, the entire Agreement for Settlement of Property Rights and Maintenance signed by Buchanan and Breeden.)

- Exhibit "F" – another copy of the Agreement for Settlement of Property Rights and Maintenance signed by Buchanan and Breeden.

¶44.     The circuit court granted the motions to dismiss and dismissed Breeden's complaint. This was a final, appealable judgment.

¶45.     As to Nationwide's motion, Breeden argues that the motion included some exhibits, but they were the same as the exhibits attached to the complaint.  However, Breeden contends that the complaint only had as an attachment "the first few pages of the insurance policy, [and] Nationwide attached the entire insurance policy."  Thus, Breeden claims that the circuit court converted the Rule 12(b)(6) motion to a Rule 56 motion because it considered the entire insurance policy and not just the declarations pages, which Breeden chose to attach to the complaint.

¶46.     In *Sennett v. United States Fidelity & Guaranty Co.*, 757 So. 2d 206 (Miss. 2000), the supreme court considered a Rule 12(b)(6) dismissal of a third-party complaint. The Sennetts claimed that "the [circuit] court, by considering the underlying commercial general liability insurance policy, looked outside the pleadings." *Sennett*, 757 So. 2d at 209 (¶7). The circuit court considered the plaintiff's wrongful-death complaint against the Sennetts and the insurance policies attached to the motion to dismiss the third-party complaint to dismiss the

16

insurance carrier. *Id.* at (¶8). The court ruled:

> A major factor directing courts to look only towards the pleadings in deciding a 12(b)(6) motion is the concern that statements outside of the complaint will not provide adequate notice to a plaintiff. However, [w]here plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.

*Sennett*, 757 So. 2d at 209 (¶10) (quoting *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) (internal quotation marks omitted). The court then determined that the insurance policy excluded coverage alleged in the Sennett's third-party complaint and affirmed the dismissal of the case. *Id.* at 214 (¶28).

¶47. This holding was questioned in *Bayer Corp.*, 32 So. 3d at 503-04 (¶¶22-25), where the court held:

> Notwithstanding this Court's longstanding application of Rule 12(b), Bayer relies on *Sennett v. United States Fidelity and Guaranty Company*, 757 So. 2d 206 (Miss. 2000), asserting that a trial court may consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion. . . . The Court noted that a primary purpose for limiting the review of a Rule 12(b)(6) motion to the face of the complaint is that considering matters outside the pleadings might deprive the plaintiffs of adequate notice of an affirmative defense, and that if a plaintiff relies upon the extrinsic documents in framing his or her complaint, the concern for adequate notice is "largely dissipated."
>
> Ultimately, the Court held that, because the third-party complaint was "central and necessary to the Plaintiff's cause of action," and because the terms of the policy were "clear, plain, and unambiguous," the trial court did not err in considering it when ruling on the Rule 12(b)(6) motion without converting the motion to a motion for summary judgment.
>
> However, rather than adhering to the reasoning in *Sennett*, this Court has affirmed its allegiance to the rule limiting review of a Rule 12(b)(6) motion to the face of the complaint. . . .
>
> [T]he trial court considered matters outside the pleadings when it took into

17

account the 2001 Settlement Agreement. Having done so, the trial court was required to convert Bayer's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. The record shows that the trial court failed to do so, depriving the State of actual notice of its intent to rule on the matter as a motion for summary judgment. This Court's recent interpretation of Rule 12(b)(6) . . . and a plain reading of Rule 12(b) establish this as error.

(Internal citations omitted).

¶48. It is important to note that the complaint against Bayer did not allege a breach of the 2001 settlement agreement, and it did not allege that the 2001 settlement agreement was the basis for the claims asserted. *Bayer Corp.*, 32 So. 3d at 498 (¶5). Instead, the state sued Bayer for fraud, and Bayer claimed the state had failed to properly plead fraud with particularity, as required by Mississippi Rule of Civil Procedure 9(b). *Bayer Corp.*, 32 So. 3d at 498 (¶5). After review, the special master determined that the 2001 settlement agreement was a release of the claims asserted by the state. *Id.* at 498-99 (¶6).

¶49. Breeden's complaint specifically pled that there were two important documents that were central to his claim. First, Breeden attempted to attach the final judgment of divorce. The judgment expressly stated that an executed property-settlement agreement was attached. Yet Breeden did not attach a complete copy of the entire judgment; he apparently omitted the signature page and the entire property-settlement agreement. Second, Breeden's complaint sought to enforce the insurance policy against Nationwide. Breeden attached a part of, but not all of, the insurance policy. In fact, he only attached "the declarations pages of the policy." The complete copies of these documents were attached to the motions to dismiss.

¶50. Mississippi Rule of Civil Procedure 8(a)(1) requires that "a pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the

18

pleader is entitled to relief . . . ." Next, Mississippi Rule of Civil Procedure 10(d) further

provides that "[w]hen any claim . . . is founded on . . . [a] written instrument, a copy *thereof*

*should be attached to or filed with the pleading unless sufficient justification for its omission*

*is stated in the pleading*."  (Emphasis added).[4]

¶51.    Breeden claims that the circuit judge considered "matters outside the pleadings."

However, had Breeden simply attached a complete and correct copy of the documents to his

complaint, this would not be an issue.  We conclude that the legal principle in *Bayer Corp.*

does not apply here.  Buchanan and Nationwide did not ask the circuit judge to rely on

"matters outside the pleadings."  Instead, they merely asked the circuit judge to consider the

complete and correct copy of documents Breeden himself purported to attach to the

complaint.

¶52.    The United States Court of Appeals for the Seventh Circuit has held:

> A plaintiff is under no obligation to attach to her complaint documents upon
> which her action is based, but a defendant may introduce certain pertinent
> documents if the plaintiff failed to do so.  Documents that a defendant attaches
> to a motion to dismiss are considered part of the pleadings if they are referred
> to in the plaintiff's complaint and are central to her claim.

*Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  This

authority is too logical to ignore.

¶53.    Therefore, we find that a motion to dismiss for failure to state a claim limits the

matters that the trial court may consider.  However, the court may certainly consider the

---

[4] The Advisory Committee Historical Note states that "[e]ffective April 13, 2000, Rule 10(d) was amended *to suggest, rather than require* that documents on which a claim or defense is based be attached to a pleading."  (Emphasis added).

19

contents of the complaint, the documents attached to the complaint, and the documents that are referred to in the complaint if they are central to the plaintiff's claim, even though they are not attached to the complaint. Here, Buchanan's complaint sought to enforce the terms of the insurance policy, and only a few pages of the policy were attached. Buchanan may not complain that it was error for the court to consider the entire policy in the motion to dismiss.

¶54. We find that the circuit judge properly considered the motion to dismiss, consistent with Mississippi Rule of Civil Procedure 12(b)(6).

> **B.** *Whether the court erred in granting the motions to dismiss and denying the motion for leave to amend.*

¶55. Previously, we found that the circuit court abused its discretion and committed reversible error by not allowing Breeden leave to amend his complaint. The basis for that ruling was that the first amended complaint would not be futile. The same result is not accorded the claims against Nationwide.

> **i.** *Claims for Intentional and/or Negligent Infliction of Emotional Distress*

¶56. As discussed above, the statute of limitations would not be a sufficient ground to dismiss Breeden's claims against Buchanan. However, the circuit court's order also dismissed Breeden's claims against Nationwide based on the statute of limitations.

¶57. An appellate court may affirm a trial court's judgment if it finds that the trial court reached the right result despite relying on flawed or erroneous premises. *Mason v. S. Mortg. Co.*, 828 So. 2d 735, 738 (¶15) (Miss. 2002). Here, we find that the claims for intentional

and/or negligent infliction of emotional distress against Nationwide may be dismissed for failure to state a claim. M.R.C.P. 12(b)(6).

¶58. First, the tort of intentional infliction of emotional distress requires that the defendant's conduct must "evoke outrage or revulsion." *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 658 (Miss. 1995). In *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993), the court ruled that "meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi."

¶59. Here, the complaint and the first amended complaint make such allegations against Buchanan but do not make sufficient allegations against Nationwide. The complaint alleged that Nationwide failed to pay Breeden the insurance proceeds, delayed the claim, refused to discuss it with him, and provided information to Buchanan, who was not a party to the contract. The complaint, as a matter of law, has failed to plead any such conduct that would constitute the tort of intentional infliction of emotional distress against Nationwide. As a result, Breeden's claim for intentional infliction of emotional distress against Nationwide was properly dismissed for failure to state a claim under Rule 12(b)(6).

¶60. Second, the tort of negligent infliction of emotional distress requires that Breeden must plead and prove "some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (¶40) (Miss. 2001). For Breeden "to recover for mental anguish unaccompanied by demonstrable physical or mental injury, the defendant's conduct must be malicious, intentional, willful, wanton, grossly careless,

21

indifferent or reckless." *Id.*

¶61. Just as with the intentional-infliction-of-emotional-distress claim, the complaint and the first amended complaint make such allegations against Buchanan but do not make such allegations against Nationwide. The complaint, as a matter of law, has failed to plead any such conduct that would constitute the tort of negligent infliction of emotional distress against Nationwide. As a result, Breeden's claim for intentional infliction of emotional distress against Nationwide was properly dismissed for failure to state a claim under Rule 12(b)(6).

ii. *Claims for Breach of Contract, Bad-Faith Denial of Insurance Benefits, and Civil Conspiracy*

¶62. Breeden's claims for breach of contract, bad-faith denial of insurance benefits, and civil conspiracy are based on the insurance policy. The circuit court ruled that Breeden had no "insurable interest" in the Nationwide policy and had no right to the proceeds of the policy. Specifically, the circuit court ruled:

> The court finds that the pleadings reflect no insurable interest in [Breeden] in and to the policy or to the proceeds[,] as [Breeden] transferred and conveyed his right, title, and interest in and to the insured property to his former spouse, [Buchanan], as part and parcel of their divorce proceeding and property settlement agreement, this transfer and conveyance having transpired several months before the occurrence of the loss[,] which is the subject matter of [Breeden's] complaint.

> Finding that [Breeden] had no insurable interest in and to the property – and thus no entitlement to any of the insurance proceeds [–] it follows that Nationwide did not breach the insurance contract by failing to pay [Breeden] any insurance proceeds from the loss, nor [did it] act in bad faith.

¶63. Breeden's brief does not assert that the circuit court erred in the dismissal of the

22

complaint, which included claims for bad faith or civil conspiracy. These claims are only mentioned in the brief as claims asserted in the complaint. Breeden does not cite any authority or argue that it was error to dismiss these claims. Mississippi caselaw has consistently held that the "[f]ailure to cite any authority is a procedural bar, and [a reviewing court] is under no obligation to consider the assignment." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005) (citation omitted).

¶64. Breeden argues that the circuit court was in error to determine that he had no insurable interest in the home. The home, which was Breeden's and Buchanan's marital residence, was insured under a Nationwide homeowner's insurance policy. The policy was effective from May 27, 2010, to May 27, 2011. The policy insured the home and its contents. At the beginning of the policy period, May 27, 2010, both Breeden and Buchanan had an insurable interest in the home because they were married and lived together in the home. The policy provided that the spouse of the named insured who resides at the same premises is covered as an insured. Based on the allegations of the complaint, the documents attached to the complaint, and Nationwide's motion, the circuit judge determined that Breeden did not have an insurable interest in the home at the time of the fire loss.

¶65. The fire loss occurred in April 2011. At that time, Breeden did not have an insurable interest in the home. Breeden's complaint did not plead that he had any interest in the home at the time of the loss. Instead, the factual allegations of the complaint indicated that he did not have any ownership interest in the home at the time of the loss.

¶66. In *State Farm Fire & Casualty Co. v. Ramsey*, 719 F. Supp. 1337, 1339 (S.D. Miss.

1989), State Farm insured Ramsey's home under a homeowner's policy, but the home was foreclosed on in 1987 and deeded to Tower Loan. Nevertheless, Ramsey remained in the home. Three months later, the home was destroyed by fire. *Id.* The homeowner's policy provided that State Farm "shall not be liable to the insured for an amount greater than the insured's interest." *Id.* Based on this provision, State Farm argued that because of the foreclosure sale and trustee's deed, "Tower had the only insurable interest in the dwelling at the time of the fire[;] [thus] Willie and Georgia Ramsey . . . had no insurable interest." *Id.* The court held that the named insured and his wife, who had moved out of the home, were not entitled to insurance proceeds for the dwelling because at the time of the fire loss, neither of them had an insurable interest in the property. *Id.* at 1341-42. The court reasoned that "it is clear that after the foreclosure sale by Tower [Loan] on June 18, 1987, Tower [Loan] was the sole owner of the dwelling[,] and neither Georgia Ramsey nor Willie Ramsey had an insurable interest in the property. Consequently, neither is entitled to recover under the dwelling provisions of the subject policy." *Id.*

¶67. As to his personal property, Breeden did not plead in the complaint that he had any personal-property items in the home at the time of the fire. The property-settlement agreement between Breeden and Buchanan provided that Buchanan would receive the home. It also gave Breeden specific personal property. The complaint does not allege whether any of these items were left at the home.

¶68. Breeden argues that if the property-settlement agreement and deed were set aside, Breeden would be the legal owner of the insured dwelling and its contents, and he would also

24

have a homestead interest in the property. Breeden is correct with this argument. As to Nationwide, this would not entitle Breeden to any recovery. As to the circuit court's order of dismissal, Nationwide had paid all of the proceeds due under the homeowner's insurance policy. Nationwide had paid the mortgage lender, Buchanan, and had interpled the balance with the court.

¶69. Based on the complaint and the accompanying documents, there was simply nothing further that Nationwide owed under the insurance policy. As a result, we find no reason to disagree with or reverse the circuit court's legal conclusion as it relates to Nationwide. Hence, as to Nationwide, we find no reversible error in the circuit court's order of dismissal. It is therefore affirmed in part as it relates to Nationwide's dismissal.

¶70. **THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEES.**

**LEE, C.J., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION. CARLTON AND FAIR, JJ., NOT PARTICIPATING.**

**JAMES, J., DISSENTING:**

¶71. I find that the circuit court lacked complete subject-matter jurisdiction over this matter; thus, the circuit court erred in dismissing Breeden's claim with prejudice, rather than dismissing the claim without prejudice or transferring the case to the chancery court. Because I find the jurisdictional issue to be dispositive, I would reverse and remand this case to the Chancery Court of Marion County. Therefore, I respectfully dissent.

## I.     Jurisdiction

¶72.   I find that the circuit court lacked complete jurisdiction over the subject matter in this case and inappropriately split the cause of action.  Therefore, I would reverse.

¶73.   Jurisdiction is a question of law, which appellate courts review de novo.  *Hogrobrooks v. Progressive Direct*, 858 So. 2d 913, 916 (¶9) (Miss. Ct. App. 2003).  Jurisdiction is "[a] court's power to decide a case or issue a decree."  Black's Law Dictionary 927 (9th ed. 2009).  Complete jurisdiction is a court's power to decide matters presented to it and to enforce its decisions.  *Id*.  Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."  *Id*. at 930.  Whereas subject-matter jurisdiction is "jurisdiction over the nature of the case and the type of relief sought[.]"  *Id*.  Subject-matter jurisdiction is a question of the court's authority to entertain and proceed with a case.  *Bullock v. Roadway Express Inc*., 548 So. 2d 1306, 1308 (Miss. 1989).

¶74.   Splitting a cause of action is "[s]eparating parts of a demand and pursuing it piecemeal; presenting part of a claim in one lawsuit, leaving the rest for a second suit."  Black's Law Dictionary 1531 (9th ed. 2009).  This practice has long been considered procedurally impermissible.  Mississippi is among the majority of states that do not allow splitting a cause of action.  *Alexander v. Elzie*, 621 So. 2d 909, 910 (Miss. 1992) (citing *Kimball v. Louisville & N. R. Co.*, 94 Miss. 396 (1909)).  Res judicata and the issue of splitting a cause of action are closely related.  *Id.*  (citing *Rosenthal v. Scott*, 150 So. 2d 433, 436 (Fla. 1963)).

¶75.   In the present case, the circuit court had jurisdiction over the parties, but it did not

26

have complete jurisdiction over the subject matter.  This resulted in claim-splitting because the circuit court did not have jurisdiction to hear part of the case that had been litigated in chancery court and needed to be reopened according to Breeden.[5]  Whether Breeden entered into the property-settlement agreement under duress, and the validity and enforceability of the property-settlement agreement, are matters exclusively within the jurisdiction of the chancery court.[6]  *See* Miss. Const. art. 6, § 159 (stating that the "chancery court shall have

---

[5] Although Breeden did not raise this issue in his original brief before this Court, Breeden did argue in supplemental briefing that the chancery court, which originally presided over the property-settlement agreement, was in the best position to preside over the matter.  I would further note that "the question of subject-matter jurisdiction may be raised at any time." *B.A.D. v. Finnegan*, 82 So. 3d 608, 614 (¶23) (Miss. 2012).  Article 6, Section 147 of the Mississippi Constitution provides that the appellate court "may remand [a case] to that court which, in its opinion, can best determine the controversy."  Thus, because the chancery court exercises exclusive jurisdiction over the subject matter relating to divorce, including any change to the divorce decree, I would remand this case to the chancery court.

[6] I note that, on the same day that Breeden and Buchanan filed for divorce, the parties executed a notarized but unfiled document, which read as follows:

> WILLIE FAYE BREEDEN, and DONALD WAYNE BREEDEN, do hereby agree to allow [Donald] to live in [the] home at 158 Mt. Bethel Road, Sandy Hook, Mississippi[,] until July 21, 2010[,] and to leave his property from our [d]ivorce [p]roperty [s]ettlement agreement at 158 Mt. Bethel Road, Sandy Hook, Mississippi 39478[,] until [the] [d]ivorce [d]ecree is [f]inal but may be removed prior to divorce at his discretion.  Property will remain in [the] same condition that it appear[ed] on this the 7th day of July 2010 until removed from [the] home. If any disasters were to occur to [the] home and personal belonging[s] before [the] divorce is final[,] Donald will be entitled to 30% of [the insurance for the home content only].

This unfiled document was executed the same day as the property-settlement agreement, but it was not a part of the final judgment of divorce or the property-settlement agreement. This document was merely attached as an exhibit to an unfiled first amended complaint in circuit court.  Further, the parties' property-settlement agreement stated that it was "a mutually acceptable settlement of *all* property rights between them[.]" (Emphasis

27

full jurisdiction in . . . [a]ll matters in equity [and] [d]ivorce and alimony"); *see also Rogers v. Eaves*, 812 So. 2d 208, 211 (¶15) (Miss. 2002) (noting that all "issues of divorce, alimony[,] and other related proceedings are all clearly within the subject matter jurisdiction specifically granted to our chancery courts"); *see also* Miss. Code Ann. § 9-5-81 (Rev. 2002) (stating that in addition to the matters conferred upon the chancery court by our constitution, the chancery court shall have "jurisdiction of all cases transferred to it by the circuit court or remanded to it by the supreme court; and such further jurisdiction . . . [as] provided by law"). Therefore, the circuit court erred in ruling on these issues and proceeding to rule on the issue of Breeden's insurable interest.

¶76. Mississippi Rule of Civil Procedure Rule 12(h)(3) provides that if "the court lacks jurisdiction of the subject matter, the court shall dismiss the action or transfer the action to the court of proper jurisdiction." Here, complete jurisdiction was in the Marion County Chancery Court. In *B.A.D. v. Finnegan*, 82 So. 3d 608, 614 (¶27) (Miss. 2012), our supreme court held that it was error to dismiss a case with prejudice for lack of subject-matter jurisdiction. Under Article 6, Section 147 of the Mississippi Constitution,[7] this Court will

added). Therefore, I would refer this document back to chancery court for its consideration, if any, on remand.

[7] Article 6, Section 147 of the Mississippi Constitution states:

No judgment or decree in any chancery court or circuit court rendered in a civil case shall be reversed or annulled on the ground of want to jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was in equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the

not reverse for the sole reason that a plaintiff has misjudged his forum. *White v. Willis*, 111 Miss. 417, 71 So. 737, 737 (1916). There must be causes independent of jurisdiction as to whether the case is for equity or law, and where a party has been denied legal or equitable rights, a judgment will be reversed, and the case will be sent to the court that is best fitted to administer justice. Miss. Const. art. 6, § 147; *Dilworth v. Fed. Reserve Bank of St. Louis*, 170 Miss. 373, 150 So. 821, 824 (1933).

¶77. Breeden's rights were denied when the circuit court proceeded with part of the case that should have been litigated after the chancery court considered the validity of the property-settlement agreement. Furthermore, transferring the case to the chancery court pursuant to Rule 12(h)(3) would have been proper in order to avoid interrupting the tolling of any statute of limitations. In *Rayner v. Raytheon Co.*, 858 So. 2d 132, 134 (¶9) (Miss. 2003), the court held that a dismissal with prejudice indicates a ruling on the merits, which is not appropriate for lack of jurisdiction. I would find that the circuit court committed reversible error when it split the cause of action as opposed to dismissing it without prejudice or transferring it to a court of proper jurisdiction.

## II.    Other Issues

¶78. Although I find that the jurisdictional issue is dispositive in this case, for the sake of discussion, I note that I agree with the majority's finding that the trial court erred in determining that Breeden's claim for negligent infliction of emotional distress was filed outside of the limitations period, and in finding that the circuit court erred when it failed to

controversy.

29

grant Breeden leave to amend his complaint. However, I find that the circuit court erred in converting the Rule 12(b)(6) motions to dismiss into Rule 56 motions for summary judgment without giving Breeden the requisite notice.

¶79. The majority holds that the circuit court properly considered the motion to dismiss and, to hold otherwise, would lead to an improper result. I disagree.

¶80. Rule 12(b) states:

> If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56[.]

¶81. In the pleadings below, Breeden did not attached the entire policy to his complaint; instead, he only attached the policy declarations. Later, Nationwide filed the entire policy as an exhibit to its motion to dismiss, which contained the definitions and information pertaining to "insurable interest." It is clear that the circuit court considered matters outside of the pleadings because it considered the entire policy in determining that Breeden did not have an insurable interest. Therefore, the motion was converted into one for summary judgment under Rule 56.[8]

¶82. The majority is correct in noting our departure from the rule announced in *Sennett v. United States Fidelity & Guaranty Co.*, 757 So. 2d 206 (Miss. 2000), where the Mississippi

---

[8] The initial notice of hearing set the hearing for October 24, 2011. There was a re-notice of hearing entered, which set the hearing for November 14, 2011, at 1 p.m. According to Nationwide and Buchanan, a hearing was held on November 14, 2011, but the hearing was not on the record, which is why there is no transcript of the proceeding.

Supreme Court held that the circuit court could consider insurance policies attached to a motion to dismiss without converting it into a summary-judgment motion. However, I disagree with the majority's finding that the decision in *State v. Bayer Corp.*, 32 So. 3d 496 (Miss. 2010), is not applicable here. In reaffirming its departure from *Sennett*, the supreme court has noted that "rather than adhering to the reasoning in *Sennett*, this Court has affirmed its allegiance to the rule *limiting review of a Rule 12(b)(6) motion to the face of the complaint*." *Delta MK LLC v. Miss. Transp. Comm'n*, 57 So. 3d 1284, 1290 (¶16) (Miss. 2011) (emphasis added). In accordance with that decision, review of a Rule 12(b)(6) motion is limited to the face of the complaint.

¶83. Upon review of the proceedings below, it is apparent that the circuit court considered the entire policy that was attached to Nationwide's motion to dismiss; thus, the motion was converted into a motion for summary judgment.

¶84. When a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment under Rule 56, the nonmoving party must be afforded ten days' notice of the court's intention to conduct a summary-judgment hearing on a date certain. *See Delta MK*, 57 So. 3d at 1289 (¶13). Here, Breeden was given no such notice.

¶85. The circuit court did not have complete jurisdiction of the subject matter, which resulted in claim-splitting. I find that the circuit court committed reversible error when it split the cause of action rather than transferring the case to the chancery court pursuant to Rule 12(h)(3), or dismissing the action without prejudice. Accordingly, I would reverse and remand this case to the Chancery Court of Marion County.