962 So.2d 136 (2007)
Norris HOLLY, Sr. and Bobbie D. Holly, Appellants
v.
HARRAH'S TUNICA CORPORATION, Harrah's Operating Company, Inc., Kym Sleezer, David Potts and Robert Casey, Appellees.
No. 2006-CP-00805-COA.
Court of Appeals of Mississippi.
August 7, 2007.
*137 Norris Holly, Sr., Appellant, pro se.
Bobbie D. Holly, Appellant, pro se.
John W. Simmons, George W. Loveland, II, attorneys for appellees.
Before KING, C.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Norris Holly, Sr., and Bobbie D. Holly brought this action against Harrah's Tunica Corporation, Harrah's Operating Company, Inc., Kym Sleezer, David Potts, Robert Casey, and John Does 1-10 for malicious prosecution, abuse of process, civil conspiracy, intentional infliction of emotional distress, menace, negligence, assault, defamation, false imprisonment, battery, and loss of consortium. The trial court dismissed the action for failure to obtain counsel. Mr. and Mrs. Holly appeal and argue they should be allowed to pursue their action pro se. We find error and reverse and remand the case for further proceedings.

FACTS
¶ 2. Mr. and Mrs. Holly are residents of Friars Point, Coahoma County. Norris Holly was employed as a slot host at Harrah's Casino in Robinsonville, Mississippi. On or about September 30, 2000, Harrah's accused Norris of embezzling $2,000. Mr. and Mrs. Holly allege that Norris was threatened, interrogated, handcuffed and paraded around three floors of the casino. Norris spent three days in jail, and the charges against him were eventually dropped.
¶ 3. On June 25, 2001, Mr. and Mrs. Holly filed their complaint and commenced this action against several of Harrah's corporate entities and several of Harrah's employees who were directly involved in the incident. The complaint was signed by attorney Curt Crowley, and it listed W.O. Luckett, Jr. and the Luckett Law Firm, P.A., as counsel for the plaintiffs.
¶ 4. On August 20, 2001, the defendants filed an answer and counterclaim. The defendants' counterclaim asserted a claim for conversion and asked for compensatory damages of $2,000 and punitive damages.
¶ 5. On December 4, 2001, the court entered an order that granted the defendants' motion to extend deadlines. The deadline for discovery, the filing of motions and filing a pretrial statement were set. On April 8, 2002, the court entered an order that granted the defendants' second motion to extend deadlines. On April 15, 2002, the court entered an order granting defendants' motion to compel discovery and ordering plaintiffs' counsel to pay defendants' attorney's fees as sanctions. On June 11, 2002, the court entered an order that denied the plaintiffs' motion to vacate the order imposing sanctions.
*138 ¶ 6. On June 20, 2002, plaintiffs' counsel of record, Curt Crowley, filed a motion to withdraw. As part of the motion, attorney Crowley asked the court for permission to withdraw based on his relocation and "for other reasons disclosed to the court in camera . . ." This Court takes note that the motion to withdraw only asked for permission for Crowley to withdraw. The motion made no request for permission for attorney Luckett or the Luckett Law Firm, P.A. to withdraw. By order dated September 9, 2002, the court granted Crowley permission to withdraw and ordered the plaintiffs to retain substitute counsel within sixty days from August 14, 2002. Thus, the plaintiffs had until October 14th to obtain counsel.
¶ 7. On October 16, 2002, the defendants filed a motion to dismiss. The motion stated that it was filed "pursuant to Rules 12 and 56 of the Mississippi Rules of Civil Procedure" and asked the court to dismiss the plaintiffs' complaint for their failure to get substitute counsel. The motion did not include a notice of hearing. Two days later, on October 18th, Norris Holly filed a motion for extension of time and claimed that he had surgery on September 20th, was diagnosed with cancer and had to attend physical therapy.
¶ 8. The clerk's docket does not show the entry of an order on the plaintiffs' motion for an extension of time. However, attached to the defendants' second motion to dismiss, as Exhibit 4, is an order, dated October 18th and signed by the trial judge, that granted the plaintiffs a thirty day extension.
¶ 9. On November 18, 2002, Wilbert L. Johnson filed an entry of appearance to serve as counsel for the plaintiff. The certificate of service indicates that a copy was served on defendants' counsel. Nevertheless, one day later, on November 19th, the defendants executed (it was filed on November 20th) the second motion to dismiss for failure "to retain substitute counsel in accordance with court's prior orders." The motion was not served on Johnson and there was no notice of hearing. That same day, on November 20th, the trial court signed an order that granted the motion to dismiss. The order provided that the plaintiffs failed "to comply with this court's two prior orders requiring plaintiffs to retain substitute counsel within the time periods set forth in those orders."
¶ 10. On December 4, 2002, the plaintiffs filed a motion to set aside the order of dismissal. On December 18th, the defendants filed their response in opposition to the motion to set aside order of dismissal. The record before us does not include an order by the trial court that ever granted the motion and reinstated the case or denied the motion to set aside the dismissal.
¶ 11. On September 17, 2003, Johnson filed a motion for leave to withdraw as counsel for the plaintiffs. The reason given was that Johnson's National Guard unit was summoned to active duty on January 24, 2004. The motion asked the court to allow the Hollys ninety days to obtain counsel. The motion did not contain a notice of hearing. By order dated September 23, 2003, the court granted Johnson's motion for leave to withdraw and gave the Hollys ninety days to obtain counsel.
¶ 12. On December 18, 2003, Lawrence M. Magdovitz, II filed a notice of appearance as counsel for the plaintiffs.
¶ 13. On May 17, 2005, Robert M. Tyner of the Luckett Tyner Law Firm, P.A. filed a motion to withdraw as counsel for the plaintiffs. The motion indicated that Tyner was co-counsel with Magdovitz, and a potential conflict of interest developed for Tyner. The motion indicated no prejudice *139 to the plaintiffs because Magdovitz would continue their representation. On May 26, 2005, the court entered an order that ordered "that Robert M. Tyner, Jr. and the firm of Luckett Tyner Law Firm, P.A. should be allowed to withdraw."
¶ 14. On September 16, 2005, the defendants filed a motion to dismiss plaintiffs' complaint. As grounds for the motion, the defendants argued that the plaintiffs failed to prosecute the case for more than three years and the defendants were prejudiced thereby. The motion asked that the complaint be dismissed with prejudice pursuant to Rule 41 of the Mississippi Rules of Civil Procedure. On September 22, 2005, the defendants' counsel served a notice of hearing of defendants' motion to dismiss plaintiff's complaint on Magdovitz, the plaintiffs' counsel. The hearing was scheduled for October 24, 2005. On September 23rd, Magdovitz served the plaintiffs' response to the motion.
¶ 15. By order dated April 25, 2006, the trial court denied the motion to set aside order of dismissal. The order stated:
Procedurally, this matter has many twists and turns. The plaintiffs have retained several different attorneys throughout the course of the litigation for various different reasons. Most recently, the plaintiffs have been represented by the Honorable Lawrence Magdovitz, II.
On November 20, 2002, this court entered an order dismissing the complaint against the defendants due to the plaintiffs' failure to retain substitute counsel in the period established by this court in a previous order. Subsequently, the plaintiffs retained the Honorable Wilbert L. Johnson to represent them. Mr. Johnson filed a motion to set aside the order of dismissal, but before the motion could be ruled on, Mr. Johnson had to withdraw as counsel after being called to active duty with the United States Military.
Following Mr. Johnson's withdrawal, the plaintiffs retained the Honorable Robert M. Tyner, Jr. to represent them. Mr. Tyner later filed a motion to withdraw citing a conflict that had arose. After Mr. Tyners's withdrawal, the plaintiffs retained their current counsel, the Honorable Lawrence Magdovitz, II.
On September 16, 2005, the defendants filed another motion to dismiss.
It is the opinion of the court that since plaintiffs' motion to set aside order of dismissal has heretofore not been ruled on, the previous order of dismissal entered by the court is still valid. It is for that reason that the defendants' motion to dismiss is not ripe.
Considering all of the history in this matter and the merits of the motion itself, the plaintiffs' motion to set aside order of default is hereby DENIED.
The complaint against the defendants is finally DISMISSED.
¶ 16. On May 11, 2006, Mr. and Mrs. Holly filed their notice of appeal. Mr. and Mrs. Holly are not represented by counsel on appeal and proceed pro se.

STANDARD OF REVIEW
¶ 17. The standard of review of an involuntary dismissal is abuse of discretion. Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990).

ANALYSIS
¶ 18. Rule 41(b) of the Mississippi Rules of Civil Procedure provides for an involuntary dismissal with prejudice, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The rule also allows for the dismissal to *140 operate as an adjudication on the merits. Id. However, because the law favors a trial on the merits, a dismissal with prejudice should be executed reluctantly. Hoffman v. Paracelsus Health Care, 752 So.2d 1030, 1034(¶ 11) (Miss.1999). It is an extreme and harsh sanction which is reserved for the most egregious cases. Id. "Moreover, dismissal for failure to comply with an order of the [court] is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." Wallace, 572 So.2d at 376.
¶ 19. Our review of this matter is based on the record before us. We begin with the findings in the trial judge's order. We find three compelling reasons that require this Court to reverse and remand this case for further proceedings.
¶ 20. First, there was no factual basis to support the court's entry of the order of dismissal. The order of dismissal was entered two days after the plaintiffs did exactly what they were ordered to do, acquire substitute counsel. The October 18, 2002 order gave the plaintiffs thirty days to retain counsel. The thirty day period would expire on November 17th, which was a Sunday. Accordingly, by filing an entry of appearance on Monday, November 18, 2002, the plaintiffs complied with the court's October 18th order. The entry of appearance apparently crossed in the mail with the defendants' motion to dismiss. According to the record, when the court entered the order on November 20th, the plaintiffs were in compliance with the earlier court order. Thus, there was no factual basis for the trial court to enter an order of dismissal.
¶ 21. Second, the procedural requirements were not followed and proper notice was not permitted by the court's action. On November 19th, defendants served a copy of the motion to dismiss on Mr. and Mrs. Holly. The motion was not set for hearing. Rule 6(d) of the Mississippi Rules of Civil Procedure provides that a "written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." Our rules clearly required that the defendants give the plaintiffs notice of the motion and at least five days to respond.[1] These rules notwithstanding, the court entered an order the following day, on November 20th, and the timing of the entry of the order failed to allow the plaintiffs' proper notice or an opportunity to be heard.
¶ 22. Finally, there was no legal basis to support the dismissal. "There is no requirement that a party must be represented by an attorney. Therefore, dismissing a party's lawsuit simply because that party has not acquired an attorney is clearly an abuse of discretion." Camacho v. Chandeleur Homes, Inc., 862 So.2d 540, 544(¶ 16) (Miss.Ct.App.2003). We find no legal authority that requires a party to be represented by an attorney. Indeed, Mississippi courthouses are open to its citizens. Miss. Const. art. 3, § 24. Our constitution demands that "[a]ll courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." Id. Further, "[n]o person shall be barred from prosecuting or defending any *141 civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 25. For the trial court to require an attorney imposes a restriction that our constitution, statutes and case authority do not support. Bullard v. Morris, 547 So.2d 789, 790 (Miss.1989); Saxon v. Harvey, 223 So.2d 620, 623-24 (Miss.1969) (holding a party may represent him or herself even though not licensed to practice law).
¶ 23. In their brief before this Court, the defendants/appellees argue that the motion to set aside was not timely brought. The trial court's final judgment dated April 25, 2006, indicates that it is the final and appealable judgment. Also, even if we agreed that the original 2002 order was the final judgment, the motion to set aside was timely. Rule 60(b) requires that a motion to set aside must be made within six months of the final judgment where the movant is relying on fraud, misrepresentation or a mistake of fact. Mr. and Mrs. Holly made their motion within a matter of days and argued that the trial court relied on a mistake of fact.
¶ 24. We find that the trial court abused its discretion. Therefore, we reverse and remand this case for further proceedings consistent with this opinion.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Indeed, the plaintiffs should have been allowed more time under Rule 6(a), Saturdays, Sundays and legal holidays excluded when time less than seven days, and 6(d), three days added for service by mail.