**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40869
Summary Calendar

GUADALUPE LERMA

Plaintiff-Appellant

v.

C FALKS, Warehouse Supervisor; N MONTEMAYOR, Maintenance Manager;
B YOUNG, Production Superintendent; J FAHRENTHOLD, Plant Manager; W
NIX, Operations Manager; TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:08-CV-109

Before HIGGINBOTHAM, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Guadalupe Lerma, Texas prisoner # 1353185, appeals the dismissal of his 42 U.S.C. § 1983 complaint. He argues that the district court dismissed his complaint under the incorrect statute and that the district court erred in dismissing his complaint for failure to state a claim. We find no error in the district court's decision to dismiss. We conclude, though, that the dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lerma's complaint should have been without prejudice. We REVERSE and REMAND so that a new order of dismissal may be entered.

Lerma first argues that the district court abused its discretion by dismissing his complaint under a statutory subsection that covers *in forma pauperis* filings. *See* 28 U.S.C. § 1915(e)(2)(B). Lerma paid his filing fee and was not proceeding *in forma pauperis*. We agree with Lerma that Section 1915 did not apply here. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, the district court's dismissal of Lerma's petition under this section is harmless. A different statute required the district court to review civil complaints "in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The district court may dismiss a complaint that fails to state a claim. *Id.* § 1915A(b)(1). Payment of filing fees is irrelevant to the applicability of the last-cited statute. *See Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998). Therefore, the district court's reference to an incorrect statute was irrelevant.

Lerma also argues that the district court erred in dismissing his complaint because the facts set forth in his complaint were sufficient to state a claim for deliberate indifference. Dismissals for failure to state a claim under both Section 1915(e)(2)(B) and Section 1915A are reviewed *de novo*, using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals. *See Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003); *Berry v. Grady*, 192 F.3d 504, 507 (5th Cir. 1999).

To establish deliberate indifference in the context of the Eighth Amendment, an inmate must show that the defendants (1) were aware of facts from which an inference of an excessive risk to an inmate's health or safety could be drawn and (2) drew an inference that such potential for harm existed. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

The district court did not err in dismissing Lerma's original complaint for failure to state a claim. Lerma failed to allege that the defendants were aware of any facts from which an inference of an excessive risk of harm could be drawn or that defendants actually drew an inference that a potential for harm existed. *See id.* at 837. Lerma was injured by a canning machine he was forced to operate while in prison. He has alleged that the defendants knew that the machine was malfunctioning, but he has not claimed that the defendants realized that it posed an excessive risk of harm to Lerma.

Lerma argues that if his original complaint was insufficient, the district court should have allowed him the opportunity to develop the facts. He asserts that if the district court had given him this opportunity, he would have shown that the defendants knew the machine that caused his injury had caused injuries in the past. Even if true, these claims were not before the district court, and Lerma was not seeking to amend his complaint.

We conclude that this *pro se* litigant was not following the right process. However, as we noted in an appeal by a *pro se* prisoner whose suit was dismissed *sua sponte* for failure to state a claim, "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx*, 136 F.3d at 1054 (citing *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982)). On the other hand, when a *pro se* petitioner has been given several opportunities to amend his claims, dismissal is proper. *Castro Romero v. Becken*, 256 F.3d 349, 353 (5th Cir. 2001). In *Bazrowx*, we implied that it is harmless error to dismiss a case for failure to state a claim without giving the plaintiff an opportunity to amend if the plaintiff has alleged his best case or if the dismissal is without prejudice. 136 F.3d at 1054. It does not appear that Lerma has alleged his best

case, as he claims in his brief before this court that the defendants knew that the machine had caused injuries in the past.

Because Lerma did not seek to amend, we find no procedural error in the district court's dismissal when the complaint did not allege a claim. The district court's dismissal, though, will be construed as a dismissal with prejudice because it was silent on the issue. *See Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm., of State Bar of Tex.*, 283 F.3d 650, 656 n.26 (5th Cir. 2002). That presumed characterization of the dismissal creates the only error. We reverse for that reason. Lerma's complaint should have been dismissed without prejudice to allow him to clarify or amend his *pro se* complaint.

We REVERSE the district court and REMAND for the entry of a dismissal without prejudice.