# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00371-COA

| | |
|---|---|
| **VIJAY PATEL, INDIVIDUALLY, AS NEXT OF KIN, AND ON BEHALF OF THE ESTATE OF NATWARLAL PATEL, AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF NATWARLAL PATEL, DECEASED** | **APPELLANT** |

**v.**

| | |
|---|---|
| **HILL-ROM COMPANY, INCORPORATED** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/2014 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RALPH STEWART GUERNSEY |
| ATTORNEYS FOR APPELLEE: | JOHN RAMSEY MCCARROLL III |
| | CHRISTOPHER R. CASHEN |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED – 06/28/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Vijay Patel claims the DeSoto County Circuit Court erred when it granted Hill-Rom Company's motion to dismiss his wrongful-death claim because it was filed more than two years beyond the statute of limitations.  According to Patel, his lawyer did not have adequate notice of the hearing on Hill-Rom's motion to dismiss.  Patel also claims that he was entitled to amend his complaint.  Finding no reversible error, we affirm the circuit court's judgment.

FACTS AND PROCEDURAL HISTORY

¶2.     In December 2007, Patel's father, Natwarlal Patel, was hospitalized for shortness of breath, weakness, and lethargy.  On December 19, 2007, Natwarlal was found lying on the floor of his room.  Despite surgical intervention to alleviate head injuries that he suffered when he fell, Natwarlal died on January 5, 2008.

¶3.     On February 8, 2013, Patel filed his complaint.  Patel claimed that the VersaCare hospital bed manufactured by Hill-Rom was defective.  More specifically, Patel claimed that the bed's "rails failed to prohibit [Natwarlal] from falling or otherwise exiting the bed," and the bed's "alarm system failed to alert the hospital staff" that Natwarlal was out of his bed.  Patel also claimed that Hill-Rom "knowingly concealed" the alleged design defects, which were "not discovered until March 2012," when "they were published in the Federal Register."  Patel reasoned that "the cause of action did not accrue until that time."

¶4.     In November 2013, Hill-Rom filed a motion to dismiss Patel's complaint.  Hill-Rom argued that the complaint was untimely, and Patel failed to adequately establish fraudulent concealment. The circuit court agreed.  Patel then filed an unsuccessful postjudgment motion to amend his complaint.  Patel appeals.

DISCUSSION

I.     *Notice of Conversion*

¶5.     Patel argues that he had a right to ten days' notice prior to the motion to dismiss being converted to a motion for summary judgment.  Patel is correct that a motion for summary

2

judgment "shall be served at least ten days before the time fixed for the hearing." M.R.C.P. 56(c). But despite a brief statement to the contrary, the circuit court did not treat Hill-Rom's motion as one for summary judgment. A footnote in the circuit court's dismissal order states that Hill-Rom's

> motion was filed as one to dismiss in accordance with [Rule] 12(b)(6) [of the Mississippi Rules of Civil Procedure]. However, because facts and evidence outside of the Complaint (with specific regard to [Patel's] claims of fraudulent concealment) have been considered, the Court will treat the motion as one for summary judgment.

"Rule 12(b)(6) motions are decided on the face of the pleadings alone." *State v. Bayer Corp.*, 32 So. 3d 496, 502 (¶21) (Miss. 2010). But if

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56[.]

M.R.C.P. 12(b)(7). Notwithstanding the circuit court's statement that it considered "facts and evidence outside" of Patel's complaint, there is no indication that the circuit court actually considered anything other than the pleadings. Nothing was attached to Patel's complaint, Hill-Rom's answer, the motion to dismiss, Patel's response, Hill-Rom's rebuttal, or any memorandum in support of the parties' positions. There were no depositions to consider, and there is no reference to any discovery.

¶6. In Patel's Mississippi Rule of Civil Procedure 59 motion, he noted that the circuit court had not considered matters outside of the pleadings. Patel stated that "[t]he Court, with all respect, has not been presented with evidence outside the pleadings. The presentation of

3

law and hypotheticals do not constitute 'matters outside the pleadings' for [Rule] 12 purposes." In an affidavit attached to Patel's motion, his lawyer reiterated that he did not attach any exhibits to his response to Hill-Rom's motion to dismiss, and "Hill[-]Rom . . . similarly stayed within the pleadings."

¶7. We conclude that the circuit court's order simply contains a misstatement. Under the precise circumstances of the case and the issue that was presented, that misstatement is ultimately of no moment. Rule 61 of the Mississippi Rules of Civil Procedure provides that

> no error in any ruling or order . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Characterizing Hill-Rom's motion as one for summary judgment was harmless error that did not affect either party's substantial rights. To find otherwise would be favoring form over substance. Thus, there is no merit to Patel's claim that he was entitled to notice that the circuit court was converting Hill-Rom's motion to one for summary judgment.

## II. *Notice of Hearing*

¶8. Next, Patel claims that his lawyer did not receive adequate notice of the hearing on Hill-Rom's motion to dismiss. Patel cites *Holly v. Harrah's Tunica Corp.*, 962 So. 2d 136 (Miss. Ct. App. 2007), in support of his position. In that case, a defendant served plaintiffs with a motion to dismiss, and a trial court granted the motion the following day, before the plaintiffs had an opportunity to respond to the motion. *Id*. at 140 (¶21). This Court held that

4

"the timing of the entry of the order failed to allow the plaintiffs proper notice or an opportunity to be heard." *Id*. *Holly* is clearly distinguishable from the case presently before us.

¶9. Hill-Rom filed its motion to dismiss during November 2013. Patel responded approximately one month later. Both parties briefed their respective positions. In February 2014, Hill-Rom's lawyers proposed two hearing dates. Patel's lawyer responded, "Let's grab 5/23. 5/30 works for me also."

¶10. The circuit clerk's docket entries do not reflect that a hearing was scheduled for May 23, 2014. There is no indication that Hill-Rom filed a notice of hearing, or that Patel had been served with notice of a hearing. In any event, on May 21, 2014, Hill-Rom's lawyers emailed Patel's lawyer to remind him of the May 23 hearing.[1] Patel's lawyer responded, "This motion was never noticed. I checked yesterday, and we are NOT on the docket."

¶11. A flurry of emails from Hill-Rom's lawyers followed. They repeatedly reiterated that the hearing was on the circuit court's docket and that Patel's lawyer had agreed to the hearing date. Hill-Rom's lawyers asked Patel's lawyer whether "there [was] a problem with" the date of the hearing. Hill-Rom's lawyers asked for Patel's lawyer's phone number, because "[n]one of the numbers [Hill-Rom's lawyers had for Patel's lawyer] work anymore." It does not appear that Patel's lawyer responded to any of Hill-Rom's lawyers' emails. Patel's

_____

[1] The email also states that Hill-Rom's lawyers "tried to reach [Patel's lawyer], but [were] told that [he] had retired."

5

lawyer did not file a continuance. It would not be unreasonable to conclude that Patel's lawyer simply decided he did not have to attend anything that occurred on May 23.[2]

¶12. Additionally, the circuit judge had informally encountered Patel's lawyer in passing before the hearing. During that encounter, the circuit judge mentioned the upcoming hearing. During the hearing on Patel's postjudgment motion, the circuit judge noted that he

> has an unusually vivid memory of this particular incident . . . . I remember running into you in court somewhere down the road, maybe Batesville or somewhere, and acknowledged to you that we had a motion set with you on Friday here in DeSoto County. And we exchanged pleasantries, and I said I'll see you Friday is the way we left it. And then you weren't here Friday . . . .

¶13. To say that the circuit court conducted a hearing on May 23 is somewhat misleading. It is true that the circuit judge, a court reporter, and Hill-Rom's two lawyers all met that day. There is a transcript, but it is only two pages long. If the circuit court's insubstantial preliminary and closing comments are excluded, the transcript is closer to one page. Hill-Rom's entire statement was as follows:

> This is a pretty straightforward 12(b)(6) motion on a product liability case, Your Honor. Mr. Patel's estate alleges that his death was caused, at least in part, by falling out of a bed supposedly manufactured by Hill-Rom. The issue today is whether or not his claims are barred by the statute of limitations.
>
> The fall -- And all these facts are not controverted. The fall, Your Honor, was on December 19 of 2007. Mr. Patel died on January 5, 2008. We have a three-year statute of limitations for these claims, and the suit was filed

---

[2] During the oral argument before this Court, Patel's lawyer conceded that he was aware of the hearing date, but he argued that there was never a final agreement to set it on the date that it occurred. He confirmed his opinion that since the hearing was not set on the circuit court's docket, he was simply not required to attend it.

6

on February 8, 2013, more than two years after that statute has passed.

> In the pleadings, the response to the motion the plaintiff has raised, all he argues is there was some fraudulent concealment by Hill-Rom of these alleged defects, but there's absolutely no proof of that anywhere, Your Honor.

> The plaintiff has to show that Hill-Rom engaged in some affirmative act intended to prevent discovery and that there was due diligence in the examination of the claim. And as the Court has seen in our briefs, there's none of that, Your Honor. We move to dismiss.

Again, that is the entire discussion on the subject of Hill-Rom's motion to dismiss. The circuit court did not ask any follow-up questions. Hill-Rom did not introduce any exhibits. The circuit court entered its order during June 2014.

¶14. Patel is correct that Rule 6(d) of the Mississippi Rules of Civil Procedure provides that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." But Patel cannot reasonably claim that he did not have an opportunity to respond to Hill-Rom's motion when he actually filed a response months before the circuit court ruled on the motion.

¶15. And Patel's lawyer concedes that he had at least three days' actual notice of the hearing. More importantly, there is no indication that Patel was prejudiced by the fact that his lawyer did not appear at the hearing. The extraordinarily short transcript shows that Hill-Rom did not obtain an unfair advantage based on Patel's lawyer's absence. In effect, the circuit court made its decision on the pleadings. "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral

7

hearing upon brief written statements of reasons in support and opposition." M.R.C.P. 78. We find no merit to this issue.

### III. Amended Complaint

¶16. Finally, Patel claims the circuit court was required to allow him to amend his complaint. Patel seems to argue that he is automatically entitled to file an amended complaint. However, Rule 15(a) of the Mississippi Rules of Civil Procedure contains a qualifier. When a trial court grants a Rule 12(b)(6) motion, "leave to amend [a complaint] shall be granted *when justice so requires . . . .*" M.R.C.P. 15(a) (emphasis added).

¶17. "Motions for leave to amend a complaint are left to the sound discretion of the trial court." *Breeden v. Buchanan*, 164 So. 3d 1057, 1063 (¶27) (Miss. Ct. App. 2015) (quoting *Webb v. Braswell*, 930 So. 2d 387, 392 (¶8) (Miss. 2006)). Patel did not ask to amend his complaint until he filed his postjudgment motion. He did not attach a proposed amended complaint to his motion. And he did not elaborate regarding how he planned to amend his complaint. The circuit court's dismissal was based on the fact that Patel's complaint was untimely. Presumably, Patel planned to amend his complaint by further alleging that the statute of limitations was tolled by fraudulent concealment of his claims.

¶18. According to Patel's complaint, his father fell and sustained a head injury on December 19, 2007. Any survival claims accrued at that time. *See Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 307 (¶17) (Miss. 2011). The remaining wrongful-death claims accrued when Patel's father died on January 5, 2008. *Id*. at (¶18). The three-year "catch-all" statute

8

of limitations applied to Patel's claims. Miss. Code Ann. § 15-1-49(1) (Rev. 2012). Patel filed his complaint on February 8, 2013, which was more than five years after his father died. Unless he could establish fraudulent concealment, his wrongful-death claims were two years beyond the statute of limitations.

¶19. A defendant's fraudulent concealment of a cause of action effectively tolls the beginning of a statute of limitations until "the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." Miss. Code Ann. § 15-1-67 (Rev. 2012). Fraudulent concealment "shall be stated with particularity" in a complaint. M.R.C.P. 9(b). "[I]n order for a court to find fraudulent concealment[,] there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Medicomp Inc. v. Marshall*, 878 So. 2d 193, 197 (¶15) (Miss. Ct. App. 2004). Patel bore the burden of proving that Hill-Rom "engaged in affirmative acts of concealment." *Id*. at 198 (¶15). And he had to prove that "he acted with due diligence in attempting to discover [Hill-Rom]'s role, but was unable to do so." *Id*.

¶20. This is not a latent-injury case. *See Aldridge v. Aldridge*, 168 So. 3d 1127, 1134 (¶30) (Miss. Ct. App. 2014). In his February 2013 complaint, Patel said that the hospital's records reflect that his father "was being monitored every two (2) hours to assess status and to ensure 'high-risk' fall precautions were in effect." The complaint further alleged that "[t]he documented fall precautions included raised and locked side rails on [his father]'s VersaCare bed . . . ." The complaint does not clarify where the fall precautions were "documented," but

9

the most reasonable conclusion is that they were mentioned at some point in Natwarlal's medical records.

¶21.    Patel attached an affidavit to the notice of the hearing on his postjudgment motion. Within that affidavit, Patel swore that he "began to attempt to find the cause of [his] father's death in January, 2008." Patel also swore that he "was only able to find that [his father] fell from a Hill-Rom bed." But Patel did not elaborate as to how or when he was able to discover that Hill-Rom had manufactured the VersaCare bed. Thus, there is insufficient information to conclude that anyone had concealed that fact.

¶22.    In any event, Patel's affidavit then says that he "began to research the company and the various bed models for hospital beds." The affidavit corroborated that his father's "[m]edical records state that he [wa]s on a 'Versa Care' bed." Patel's affidavit then relates a previous lawyer's alleged efforts to discover the make and model of the bed. Notwithstanding that Patel's affidavit attempts to discuss information that would not necessarily be within his personal knowledge, the affidavit says that the previous lawyer contacted Hill-Rom sometime during 2010. In other words, there is no reason to think that anyone on Patel's behalf attempted to contact Hill-Rom until two years had elapsed since his father's death. Patel does not allege that Hill-Rom ever concealed the fact that it had manufactured the bed.

¶23.    According to Patel's affidavit, the Hill-Rom representative purportedly told the previous lawyer that she "would investigate the incident and determine the make/model,

10

[and] whether [the hospital] had filled out a form 3500 A . . . for a user facility to report device related adverse events." According to Patel's affidavit, a hospital employee hung up on the previous lawyer during the "fall of 2010." The affidavit then states that during November 2011, the previous lawyer wrote to Hill-Rom and complained that "their claims representative was not providing . . . the information [he] requested." The next day, Patel "learned for the first time that [his] father was on a model 3200 bed as part of communication with" a Hill-Rom employee, who also said that the claims representative "had not refused to provide [him] with the information [he] requested." The affidavit then says, "This is corroborated by [a lawyer for the hospital] advising us in August of 2008 that [the hospital] would not participate in our investigation . . . ."

¶24.    Based on the affidavit, it was within the circuit court's discretion to deny Patel's request to amend his complaint. Setting aside the fact that Patel could not swear to information that was outside of his personal knowledge, at best the affidavit says that the hospital, rather than Hill-Rom, refused to assist him with his investigation. The medical records apparently referenced the name of the bed. The affidavit seems to say that the previous lawyer first contacted Hill-Rom about the bed during 2010. Patel offers no explanation regarding why no one contacted Hill-Rom until at least two years after his father died. And he offered no explanation as to why he could not sue Hill-Rom based on the information that was available, and then discover further information regarding the precise model number of the bed during the discovery process. Based on the record, it would have

11

been futile to allow Patel to amend his complaint so that it included the information discussed in the affidavit.

¶25. The circuit court's "decision will stand unless the discretion [it] used is found to be arbitrary and clearly erroneous." *Breeden*, 164 So. 3d at 1064 (¶27). Under the precise circumstances of this case, it was within the circuit court's discretion to deny Patel's request to amend his complaint. Patel did not satisfy his burden to support an amendment of the complaint. Consequently, we find no merit to this issue.

¶26. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**