# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00259-COA

**MICHAEL D. BARTZ**                                                            **APPELLANT**

**v.**

**RHONDA C. ROBERTS**                                                            **APPELLEE**

DATE OF JUDGMENT:              02/14/2020
TRIAL JUDGE:                   HON. DEBORAH J. GAMBRELL
COURT FROM WHICH APPEALED:     LAMAR COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        MICHAEL D. BARTZ (PRO SE)
ATTORNEY FOR APPELLEE:         S. CHRISTOPHER FARRIS
NATURE OF THE CASE:            CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:                   REVERSED AND REMANDED - 05/25/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    Michael Bartz appeals from the Lamar County Chancery Court's order granting summary judgment and dismissing Bartz's case with prejudice. After our review, we find that the chancellor erred in dismissing Bartz's case without first providing him with notice or an opportunity to amend his complaint. We also find that Bartz's complaint complied with the requirements to request an heirship determination as set forth in Mississippi Code Annotated section 91-1-27 (Rev. 2018). We therefore reverse this case and remand with instructions for the chancellor to consider the issue of Bartz's request for an heirship determination. Upon consideration of the heirship determination, we further instruct the chancellor to dismiss Bartz's remaining claims without prejudice and to allow Bartz to

amend his complaint if leave to amend is requested in accordance with Mississippi Rule of Civil Procedure 15(a).[1]

## FACTS

¶2.    Patricia Bartz died on December 27, 2017.  At the time of her death, Patricia had two children:  a son, Bartz, and a daughter, Rhonda Roberts.  The record reflects that Bartz has been incarcerated in Wisconsin since 1993.

¶3.    On September 17, 2019, Bartz, representing himself pro se, filed a complaint against Roberts.  In his complaint, Bartz argued that Roberts "has intentionally interfered" with his inheritance.  Bartz claimed that as Patricia's natural-born son, he was an "heir-at-law" to her estate, and therefore he possessed "a reasonable expectation of inheriting [his] rightful distributive share of the trust," along with any other gifts his mother intended that he receive. Bartz asserted numerous causes of action against Roberts, including that she grossly maladministered Patricia's estate, breached "the trust," committed fraud, failed to properly marshal trust assets, converted trust assets, concealed trust assets, embezzled from the trust, acted in bad faith, and breached her "covenant" with Bartz.  Bartz also alleged undue influence and that Robert "unlawfully possess[ed]" and "unlawfully converted" some of his personal property.

¶4.    On October 8, 2019, Roberts filed an answer.  In her answer, Roberts asserted the

---

[1] *See Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982) ("If dismissal of a pro se complaint is warranted, it should be without prejudice to allow [the party] to file an amended complaint.").

2

following affirmative defenses:  failure of the complaint to state a claim for which relief can be granted pursuant to Mississippi Rule of Civil Procedure 12(b)(6); "any and all defenses that might be applicable to this matter under Rule 12 and Rule 8 of the Mississippi Rules of Civil Procedure"; Bartz filed his complaint beyond the statute of limitations; and that Bartz filed a frivolous lawsuit.  Roberts also specifically "move[d] for judgment on the pleadings" pursuant to Mississippi Rule of Civil Procedure 12(c) "o[r,] in the alternative[,] [for] summary judgment based upon the allegations contained in the complaint and any other information that may be revealed once the parties engage in discovery."

¶5.     Over the next four months, Bartz proceeded to file numerous other motions and subpoenas.  The record reflects that the chancellor held a telephonic hearing on January 27, 2020, regarding Bartz's motion to enlarge the time for discovery and for leave to serve additional interrogatories, and Bartz's motion to compel discovery and to determine sufficiency of answers.  Neither a transcript nor an order from that hearing appears in the record.[2]

¶6.     On February 7, 2020, Roberts filed a motion for summary judgment, and she attached the following documents in support of her motion: a copy of the complaint, a copy of the answer to the complaint, her affidavit, the affidavit of her cousin, a letter from Bartz to Roberts, and two joint bank account statements.  In her motion, Roberts argued that Bartz

---

[2] In the chancellor's order granting summary judgment, she acknowledged that this hearing occurred and stated that "Mr. Bartz was unable to effectively present his motions" at the hearing.

3

failed to properly allege a cause of action and that "it is impossible to determine exactly what cause[s] of action he has filed." Roberts maintained that Bartz's "entire complaint is based upon assumptions that are not true." Roberts specifically stated as follows:

> If [Bartz] is alleging a breach of her duties as an administrator of his mother's estate then he would have to first prove that an estate was opened and she served in that capacity. He can not prove this allegations [(sic)]. He alleges that there was a trust. He can not prove this allegation.

Roberts also argued that Bartz failed to plead his fraud claim with particularity. Roberts recognized that Bartz claimed that she possessed his personal property, and she admitted that she did possess his property. However, Roberts explained that because Bartz is incarcerated in Wisconsin, she does not know how to provide the items to him.

¶7. On February 14, 2020, seven days after Roberts filed her motion, the chancellor entered an order granting Roberts's motion for summary judgment and dismissed the case with prejudice. In her order, the chancellor found that Bartz "has failed to properly plead his causes of action and has failed to state with particularity the acts that constitute fraud on the part of [Roberts]." The chancellor therefore held that Bartz's complaint "fails to state a claim upon which relief may be granted." The chancellor explained:

> [Bartz] makes a number of allegations as causes of action, none of which are properly pled. He seeks to be declared an heir at law and have [Roberts] held responsible for an estate that has never been probated, and which no evidence of the need for probate has been presented, and mentions a "trust" in several instances without any documentation or explanation of the existence of any trust.

¶8. On March 3, 2020, Bartz filed a motion for reconsideration and argued that the

4

chancellor erred in granting summary judgment before Bartz could serve his response opposing the motion and without Bartz receiving notice of any hearing. Bartz asserted that the chancellor's order is therefore void. Bartz argued that he must be afforded "an opportunity to serve opposing affidavits and other proofs in accordance with . . . Rule 56(c)." The chancellor ultimately denied Bartz's motion.[3]

¶9. On May 5, 2020, Bartz filed a motion titled "Plaintiff's Second Statement of the Evidence." In this motion, Bartz asserted that on February 10, 2020, he, "through his attorney-in-fact," mailed several documents to the chancery court, including a motion to transfer venue. Bartz attached his motion to transfer venue to his Second Statement of the Evidence. The motion to transfer venue is dated February 10, 2020. However, this motion does not appear on the trial court's docket or in the record before us—except as attached to Bartz's May 5, 2020 "Second Statement of the Evidence."

¶10. Bartz now appeals and asserts the following assignments of error: (1) the chancellor erred in dismissing the case without providing Bartz an opportunity to respond to the motion for summary judgment; (2) the chancellor erred in ruling that she would not set Bartz's discovery motions for hearing unless he retained counsel to represent him; (3) the chancellor erred by failing to file or grant Bartz's motion to transfer venue; and (4) the chancellor's findings "were unsupported by the greater weight of the evidence."

---

[3] The chancellor entered her order denying Bartz's motion for reconsideration on June 5, 2020.

5

**DISCUSSION**

¶11.    Bartz appeals the chancellor's order granting summary judgment in favor of Roberts. As a preliminary matter, our review of the chancellor's order reflects that the chancellor did not treat Roberts's motion as one for summary judgment under Mississippi Rule of Civil Procedure 56(c), but rather as a judgment on the pleadings in accordance with Mississippi Rule of Civil Procedure 12(c). "A motion for judgment on the pleadings under [Rule] 12(c) serves a similar function to the Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1210 (¶8) (Miss. 2001). The Mississippi Supreme Court has explained that

> On a Rule 12(c) motion, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond any reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-movant to relief.

*R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 271 (¶10) (Miss. 2005). However, unlike a Rule 12(b)(6) motion, which "must be judged on the face of the complaint alone," a Rule 12(c) "motion for judgment on the pleadings permits consideration of the complaint and answer." 61A Am. Jur. 2d Pleading § 483 (May 2021 update).

¶12.    Because a Rule 12(c) motion is the proper vehicle for challenging the legal sufficiency of a complaint at the time in the proceedings when all of the required pleadings have been filed, we find that Roberts's motion therefore falls under Rule 12(c). *Fortenberry v. City of Hattiesburg*, 758 So. 2d 1023, 1026 (¶14) (Miss. Ct. App. 2000). This Court has clarified that "a Rule 12(c) motion is premature until all necessary responsive pleadings have been

6

filed. Any other view makes Rule 12(c) serve the same purpose as Rule 12(b)(6)." *Id.*[4]

¶13.    In distinguishing between a Rule 56 motion for summary judgment and a Rule 12(c) motion, the supreme court has explained that "[u]nlike a Rule 56 motion for summary judgment, a Rule 12(c) motion for judgment on the pleadings is decided on the face of the pleadings alone." *Huff-Cook, Inc. v. Dale*, 913 So. 2d 988, 990 (¶10) (Miss. 2005). "[W]here a motion for summary judgment is filed and the court determines that it may appropriately be acted upon without reference to matters outside the pleadings, the judgment entered shall be a judgment on the pleadings" pursuant to Rule 12(c). *Kountouris v. Varvaris*, 476 So. 2d 599, 603 n.3 (Miss. 1985). "Frequently, . . . little turns on whether the motion has been treated as a motion for judgment on the pleadings or a motion for summary judgment." *Id.*; *see also Millican v. Turner*, 503 So. 2d 289, 292 (Miss. 1987).

¶14.    In the present case, the chancellor's order stated that Bartz's complaint "makes a number of allegations as causes of action, none of which are properly pled." The chancellor found that Bartz "has not provided a scintilla of evidence that any of the assets he lists in the complaint actually existed at the time of their mother's death." The chancellor also stated that Roberts's motion "correctly asserts that [Bartz] has failed to properly plead his causes of action and has failed to state with particularity the acts that constitute fraud on the part of

---

[4] We also recognize that Rule 12(h)(2) provides that the "defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." M.R.C.P. 12(h)(2).

7

[Roberts]." The chancellor accordingly held that Bartz's complaint "fails to state a claim upon which relief may be granted" and dismissed the case with prejudice.

¶15. In *Patel v. Hill-Rom Co.*, 194 So. 3d 898, 899 (¶5) (Miss. Ct. App. 2016), the circuit court converted a defendant's motion to dismiss into a motion for summary judgment. In its order granting summary judgment, the circuit court included a footnote explaining that because the circuit court considered "facts and evidence outside of the [c]omplaint," the circuit court would therefore treat the motion to dismiss as one for summary judgment. *Id*. On appeal, the plaintiff argued that he did not receive proper notice under Rule 56(c) regarding his motion to dismiss being converted to a motion for summary judgment. *Id*. Upon review, this Court found that despite the circuit court's statement to the contrary, "there is no indication that the circuit court actually considered anything other than the pleadings." *Id*. at 900 (¶5). This Court cited to Mississippi Rule of Civil Procedure 61[5] and "conclude[d] that the circuit court's order simply contains a misstatement." *Id*. at (¶7). This Court held the chancellor's characterization of the motion to dismiss "as one for summary judgment was

_____

[5] Mississippi Rule of Civil Procedure 61 states as follows:

No error in either the admission or the exclusion of evidence and no error in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

harmless error that did not affect either party's substantial rights," explaining that "[t]o find otherwise would be favoring form over substance." *Id.*

¶16.     In *Hartford*, 826 So. 2d at 1209 (¶2), the defendant filed a successful motion for summary judgment. The defendant later filed a motion to alter or amend the opinion and order to reflect that the judgment entered was actually incident to a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings. *Id.* at (¶3). The trial court ultimately denied the motion, and the defendant appealed. *Id.* at (¶¶3-4). On appeal, the supreme court examined the different burdens for motions filed under Rules 12(b)(6), 12(c), and 56. *Id.* at 1214-15 (¶29). The supreme court held that because the defendant's motion for summary judgment addressed the merits of the case, and because the arguments on the motion "went beyond the face of the pleadings and crossed the line to addressing the merits of the case[,]" the motion was one for summary judgment. *Id.* at 1214 (¶28), 1216 (¶33).

¶17.     In the present case, the chancellor titled her order as one granting summary judgment, and she stated that she "considered the [m]otion and the other pleadings and answers." Upon review, we find no evidence in the order that the chancellor considered "facts and evidence outside" of Bartz's complaint or considered anything other than the pleadings. Although Roberts attached several documents to her motion for summary judgment, including two affidavits, bank statements, and Patricia's insurance policy, the chancellor's order does not refer to these documents or to any discovery. Instead, the chancellor addressed only Bartz's complaint. The chancellor's order reflects no discussion of the merits of the case, and the

chancellor made no finding regarding whether Roberts showed the existence of a genuine issue of material fact. *See* M.R.C.P. 56(c).

¶18. In determining that the chancellor treated Roberts's motion as one for judgment on the pleadings pursuant to Rule 12(c), we now turn to address Bartz's argument on appeal regarding notice.

## I. Notice of Dismissal

¶19. On appeal, Bartz asserts that Roberts failed to properly serve him with a copy of her motion pursuant to Mississippi Rule of Civil Procedure 6[6] or Rule 56.[7] Bartz asserts that Roberts did not mail him a copy of her motion until February 12, 2020, five days after she filed the motion with the chancery court. Bartz also asserts that Roberts failed to serve Bartz with any notice of hearing on her motion.[8]

---

[6] Mississippi Rule of Civil Procedure 6(d) provides, in part, that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court."

[7] Mississippi Rule of Civil Procedure 56(c) states that a motion for summary judgment "shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits."

[8] Regarding Bartz's claim that Roberts failed to serve him with notice of a hearing on her motion, the record reflects that Roberts did not notice her motion for a hearing, and no hearing was held. In *Tunica County v. Town of Tunica*, 227 So. 3d 1007, 1026 (¶45) (Miss. 2017), the supreme court addressed a claim that the trial court erred in granting a summary judgment without first holding a hearing. On appeal, the supreme court found no error, explaining that "Rule 56 of the Mississippi Rules of Civil Procedure neither explicitly nor implicitly provides the right to a hearing on a motion for summary judgment." *Id*. at (¶46). As explained by the supreme court, "[m]otion practice is more generally governed by Rule 78[.]" *Id*. Rule 78 allows the trial court to rule on a motion for summary judgment

¶20. Additionally, Bartz argues that the chancellor erred in granting summary judgment only seven days after Roberts filed her motion, and without allowing Bartz to file a motion or affidavits in opposition. Bartz asserts that this lack of notice and failure to allow Bartz to respond to Roberts's motion deprived him of his right to be heard in the matter.

¶21. Roberts filed her motion for summary judgment on February 7, 2020. Roberts's motion contained a certificate of service reflecting that on February 7, 2020, Roberts served a copy of her motion "upon all counsel of record" through the court's electronic filing system. The record also contains an envelope from Roberts's attorney addressed to Bartz.[9] The envelope is stamped by the United States Postal Service to reflect that the envelope was mailed to Bartz on February 12, 2020. Bartz asserts that the envelope contained Roberts's motion for summary judgment. The envelope appears in the record as Exhibit C to Bartz's Second Statement of the Evidence, which he filed on May 5, 2020. However, Bartz maintains that because he was incarcerated, he did not receive the envelope containing Roberts's motion for summary judgment until February 18, 2020.

---

without holding a hearing. *Id*. at 1027 (¶46). The supreme court further explained that even if a hearing was required, an appellate court can review a trial court's failure to hold a hearing on a motion for summary judgment for harmless error. *Id*. at (¶47). The supreme court held that the "trial court's error in failing to hold an oral hearing on the defendant's summary judgment motion was harmless because the plaintiff presented no evidence which could have defeated the defendant's motion . . . [and that] it [was] highly unlikely that any material or pertinent facts would have been disclosed at a summary judgment hearing had it been held." *Id*.

[9] The envelope was addressed and mailed to the Jackson Correctional Institution in Wisconsin, where Bartz is incarcerated.

¶22. The chancellor entered the order granting summary judgment on February 14, 2020. The record contains an envelope from the chancery clerk addressed to Bartz. The envelope is stamped by the United States Postal Service to reflect that the envelope was mailed to Bartz on February 14, 2010. This envelope purportedly contains the chancellor's order granting summary judgment. Bartz maintains that he received this order on February 18, 2020, "alongside a copy of Roberts'[s] motion."

¶23. In her appellate brief, Roberts agrees that the chancellor "jumped the gun on granting the motion prior to allowing time for a response." However, Roberts maintains that this amounts to harmless error because Bartz does not possess sufficient evidence "to rebut the overwhelming proof in this case that supported the granting of summary judgment." Roberts further asserts that Bartz's motion for reconsideration does not include any affidavits that would rebut Roberts's motion.

¶24. As stated, we have determined that despite the title of the order, the chancellor characterized Roberts's motion as one for judgment on the pleadings. We reiterate that "[a] motion for judgment on the pleadings under [Rule] 12(c) serves a similar function to the Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hartford*, 826 So. 2d at 1210 (¶8). Although we have no Mississippi precedent that addresses the particular facts of the case before us, we recognize that relevant to the issue of notice, the supreme court has held that "under Rule 12(b)(6) itself, trial courts possess the authority to dismiss complaints which fail to state a claim—on the court's own motion." *Trigg v. Farese*, 266 So. 3d 611, 619 (¶16)

(Miss. 2018). The supreme court has clarified that the only limitation on a trial court's authority to sua sponte dismiss a claim pursuant to Rule 12(b)(6) "is that the court must proceed in a way that is fair to the parties." *Id*. (citing 5B Wright & Miller § 1357). In *Trigg*, the supreme court held that because the non-moving parties were "on notice that the legal sufficiency of their complaint had been challenged and were given numerous opportunities to respond, we can find no unfairness in the dismissal." *Id*.

¶25. Further helpful to the disposition of the issue before us, we recognize that the United States Court of Appeals for the Fifth Circuit has held that "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Similar to the standard set forth by the Mississippi Supreme Court, the Fifth Circuit has conditioned that "[t]he district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Id*.

¶26. In *Bazrowx*, the Fifth Circuit found that "the district court erred in failing to give Appellant notice of the court's intention to dismiss his suit or an opportunity to amend his complaint[,]" but held that "[s]uch error may be ameliorated . . . if the plaintiff has alleged his best case, or if the dismissal was without prejudice." *Id*. (footnote omitted). The Fifth Circuit has clarified that a court can consider a plaintiff to have asserted his best case when the plaintiff has had a "fair opportunity to make out [his] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). In *Bazrowx*, the district court dismissed the appellant's case

13

*without* prejudice. *Bazrowx*, 136 F.3d at 1054. The *Bazrowx* court also explained that "our careful and thorough de novo review satisfies us that, as it stands, Appellant's complaint does fail to state a claim for which relief could be granted." *Id*. at 1054-55. The *Bazrowx* court held that in that case, because the appellant's complaint failed to state a claim for which relief could be granted *and* because the district court dismissed the case without prejudice, "any error in failing to give notice and allow amendment [was] harmless." *Id*.

¶27.    In *Lerma v. Falks*, 338 F. App'x 472, 474 (5th Cir. 2009) , the Fifth Circuit reiterated its statement that "generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (Quoting *Bazrowx*, 136 F.3d at 1054). The *Lerma* court recognized, however, that "when a pro se petitioner has been given several opportunities to amend his claims, dismissal is proper." *Id*. (citing *Castro Romero v. Becken*, 256 F.3d 349, 353 (5th Cir. 2001)).

¶28.    In the present case, the record shows that Roberts raised the affirmative defenses of failure to state a claim and judgment on the pleadings in her answer, and therefore we find that Bartz was "on notice that the legal sufficiency of [his] complaint had been challenged[.]" *Trigg*, 266 So. 3d at 619 (¶16). However, the record clearly establishes that the chancellor granted Roberts's motion without providing Bartz with an opportunity to respond to the motion or to amend his complaint. Unlike in *Bazrowx*, the chancellor here dismissed the case *with* prejudice. Given the particular facts of the case before us, we cannot say that the chancellor's dismissal of Bartz's case without notice to Bartz was fair or harmless.

¶29. The record reflects that at no point in the proceedings below did Bartz seek leave to amend his complaint. Regardless, Rule 12(c) and Rule 15(a) both provide that "[o]n sustaining a motion . . . for judgment on the pleadings, pursuant to Rule 12(c), leave to amend shall be granted when justice so requires[.]" *Hinton v. Rolison*, 175 So. 3d 1281, 1286 (¶16) (Miss. 2015). The supreme court has explained that

> in the absence of any apparent or declared reason[—]such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.[—] . . . leave [to amend the complaint] . . . should, as the rules require, be "freely given."

*Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 962 (¶28) (Miss. 2002).

¶30. In *Breeden v. Buchanan*, 164 So. 3d 1057, 1060, 1064 (¶¶12, 30) (Miss. Ct. App. 2015), this Court held that a trial court abused its discretion where it dismissed the plaintiff's complaint pursuant to Rule 12(b)(6) but then denied the plaintiff's motion for leave to amend his complaint. This Court explained that it based its decision "primarily on the principle that Mississippi courts have liberally permitted amended pleadings." *Id*. at 1064 (¶30). We accordingly reversed the trial court's decision to dismiss the claims and directed the trial court to allow the appellant leave to file his amended complaint. *Id*. at (¶31).

¶31. Therefore, in accordance with caselaw, and to allow for fairness in the proceedings below, we must reverse this case and remand to the chancellor with instructions to dismiss Bartz's complaint without prejudice and to allow Bartz to amend his complaint if leave to

15

amend is requested in accordance with Rule 15(a).[10]

## II. Bartz's Remaining Assignments of Error

¶32. First, Bartz argues that the chancery court erred by declining to set Bartz's discovery motions for hearings and decreeing that it would not hear any of Bartz's motions unless he retained counsel to represent him. Bartz asserts that the court administrator for the chancery court informed Bartz's "attorney-in-fact" that she "had been directed by the [c]ourt's staff attorney not to set Bartz's motions for hearings due to his pro se status." According to Bartz, the chancellor "decreed that the [c]ourt would hear none of Bartz's motions unless he first obtained a licensed attorney to represent him." In support of his claim, Bartz cites to his "Statement of the Evidence," which he filed on March 30, 2020. In this document, Bartz provides a summary of the January 27, 2020 hearing in which he claims that the chancellor told him, "[t]his court will not hear any further motions from you unless you first obtain representation."

¶33. Other than Bartz's "Statement of the Evidence," we find no support in the record for

---

[10] Although Bartz does not raise this issue on appeal, we find that Bartz's complaint complied with the requirements to request an heirship determination as set forth in Mississippi Code Annotated section 91-1-27. Bartz did not file a separate petition requesting to be determined an heir at law; however, the supreme court has found that a complaint "was sufficient as a request for determination of heirship." *Dees v. Est. of Moore*, 562 So. 2d 109, 112 (Miss. 1990). We therefore reverse the chancellor's judgment and remand the case with instructions for the chancellor to consider the issue of Bartz's request for an heirship determination. Upon consideration of the heirship determination, we instruct the chancellor to dismiss Bartz's remaining claims without prejudice and to allow Bartz to amend his complaint if leave to amend is requested.

Bartz's assertion. In the chancellor's order granting summary judgment, she correctly stated: "The Court notes that in this state, an attorney is required to probate an estate." Regardless, we find that Bartz failed to properly raise this particular issue before the trial court. The supreme court has held that issues not raised before the trial court are procedurally barred from consideration on appeal. *Brown v. Thompson*, 927 So. 2d 733, 738 (¶16) (Miss. 2006).

¶34. Bartz next argues that the chancery court erred by failing to both file and grant his motion to transfer venue. In his appellate brief, Bartz asserts that he mailed the motion to transfer venue to the chancery court to file, but he claims that the chancery clerk declined to file the motion and returned it to him. Bartz admits that the chancellor's failure to file or grant his motion for venue was "never fully raised before the trial court," but he asserts that this Court can review this issue for plain error.

¶35. As stated, on May 5, 2020, Bartz filed a motion titled "Plaintiff's Second Statement of the Evidence" and he attached his motion to transfer venue to this document. The motion to transfer venue is dated February 10, 2020. However, this motion does not appear on the trial court's docket or in the record before us—except as attached to Bartz's May 5, 2020 "Second Statement of the Evidence." The record contains no ruling from the chancellor on this motion.

¶36. The supreme court has held that

> a party making a motion must follow up that action by bringing it to the attention of the judge and by requesting a hearing upon it. It is the responsibility of the movant to obtain a ruling from the court on motions filed by him, and failure to do so constitutes a waiver of same.

17

*Billiot v. State*, 454 So. 2d 445, 456 (Miss. 1984) (citation and internal quotation marks omitted). We therefore find that Bartz has waived this issue on appeal.

¶37. Bartz next asserts that the chancellor's findings "were unsupported by the greater weight of the evidence" and argues that the chancellor erred in granting summary judgment. Because we are remanding this case to the chancellor for further proceedings consistent with this opinion, we decline to address this issue.

¶38. **REVERSED AND REMANDED.**

**GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., WILSON, P.J., McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**